## Case No. 2,943.

### COE v. RANKIN et al.

### [5 McLean, 354.][1]

Circuit Court, D. Michigan. Oct. Term, 1852.

ACTION ON INDEMNITY BOND—PLEADING.

1. No action can be brought on a bond of indemnity, unless the plaintiff has been damnified; and this must be shown in the declaration.

2. A promise to account and indemnify, will only require the defendant to respond to the injury shown.

3. A general averment of loss is insufficient.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[At law. Action by Israel Coe against Rankin and Prince.]

Mr. Howard, for plaintiff.
Mr. Emmons, for defendants.

WILKINS, District Judge. Action brought upon a bond, conditioned that the principal obligor should well and truly account to the said plaintiff, and indemnify and keep him harmless as the holder of certain stock which he had delivered to the said obligor. The declaration recites, that certain matters in controversy between the plaintiff and Rankin had been, by their covenant, submitted to arbitration; that the controversy was in relation to the liability of Rankin as acceptor of a certain bill of exchange drawn by one Thomas Bristol for $7,200; that the said Rankin had deposited with one Brown certain certificates of stock for the purpose—as mentioned in a certain letter from the said Rankin and Bristol to Brown—true copies of which certificates were then and there delivered to said Coe, who, as the holder of the said certificates then delivered the originals to the said Rankin, who, with his co-obligor and co-defendant, entered into the bond on which the action is instituted. The obligation of the bond is stated to be to indemnify and save harmless, and well and truly to account to the said Coe for the said certificates, the value of which is laid at $10,000.

The declaration avers that the said Rankin has been called upon to account for the said certificates of stock, and that he has refused either to account for the said stock, or redeliver the said certificates, and furthermore, that he has not indemnified or saved harmless the said plaintiff, in consequence of his having delivered to him the original certificates of the stock, but that he had sold the same, and converted the proceeds to his own use. The declaration concludes with the general averment that the said breaches of the bond thus exhibited entitled the plaintiff to demand the penal sum, &c. To this declaration the defendants have demurred, and assigned several reasons, one of which is sufficient, viz: That it does not contain or set forth in what manner, or to what extent the alleged failure upon the part of Rankin to account for the stock damnified the plaintiff, or show that any sum was rightfully due said plaintiff under the assigned breaches of the bond.

The recital of the provisions of the arbitration covenant which precedes the averment of the conditions of the bond clearly sets forth the nature of the transaction. The certificates of stock were deposited with Brown, the depositor not divesting himself of his interest in them, and Brown being but a stakeholder, having the custody, but not the proprietorship, which still continued in Rankin. The recital of the arbitration covenant exhibits very loosely the relation which the plaintiff bore to those certificates. But it is clear-

ly inferable that they were but a trust deposit with Brown, to meet the exigency of the suit instituted on the acceptance of the bill of exchange. A holder of stock negotiable or otherwise is not like the holder of a bill of exchange which forms part of the commercial currency of the country, but the former may or may not be according to circumstances the owner or proprietor. Now, Coe was the holder of the certificates on the same principle (and with the same interest) that Brown held them. He held them then as a trustee. In case a recovery was had against Rankin on the acceptance, then, the certificates were to be appropriated to the payment of the sum recovered, but if there was no recovery against Rankin, and his defense to the action to the bill of exchange was sustained, then, the certificates of stock as a deposit, should be returned to the depositor, Rankin, who alone was entitled to them, the deposit having fulfilled its purpose, Coe, under such circumstances, stood in Brown's shoes, and had no proprietory interest; and, consequently, the declaration is defective in not averring that he had some such valuable interest in the stock, either as owner thereof, or having such a lien as would entitle him to transfer the same for a valuable consideration.

The covenants to account as contained in this bond with the recital of the occasion of the obligation, is not equivalent to a promise to pay. To pay what? may be asked. To pay the value of the certificates? If so—to whom? No one is entitled to payment unless he has the right to demand payment. The holder of these certificates, under the circumstances stated in the declaration, had no right to demand payment at any time. A promise to him to account for them must be connected with the covenant to indemnify, and is not a distinct covenant. On the accounting for the stock, the defendants were only to pay whatever loss might have accrued in consequence of the stockholder parting with the security placed in his possession for the purpose defined at the time of the deposit.

The declaration avers no loss except in general terms; if there had been an averment that a recovery had been obtained against Rankin on his acceptance, and which formed the subject matter of the arbitration; and that the certificates of stock were needed for the purpose of meeting the demands of such recovery, and they not being re-delivered or accounted for when demanded, and that consequently the plaintiff had been compelled to pay the amount so recovered, and that a loss thereby had been incurred, the declaration would have set forth on the bond a sufficient cause of action. But such is not the case here, and the court give judgment for defendant on demurrer, with leave, &c.