WINCHESTER, County Treasurer, vs. TOZER, Town Treasurer, and others.

*Town Treasurer — Payments to County Treasurer.*

Under ch. 18, R. S., a town treasurer who has not been able to collect *all* the taxes called for by his warrant, is entitled, after paying the *state* taxes, to retain the amount specified in his warrant for town taxes, paying to the *county* treasurer only the *balance* of the amount in his hands.

APPEAL from the Circuit Court for *Pierce* County.

This action was brought against the town treasurer and his sureties, for an alleged default of said town treasurer to pay over to the plaintiff, as county treasurer, a sum of $1,152.55, entered upon the assessment roll and collected as county taxes. The grounds of defense will sufficiently appear from the opinion. The

circuit court rendered judgment for the plaintiff, and defendants appealed.

*P. V. Wise*, for appellants.

*J. C. Button* and *J. S. White*, for respondent:

The assessment roll specifies the amounts to be collected from each person for the state, the county, the town, etc., severally. The warrant is based upon the theory that each of said amounts will be paid, and commands the town treasurer to dispose of said several amounts according to the purposes for which they were raised. The statute (R. S. ch. 18, sec. 91) expressly provides for giving the state tax preference; and, again, a preference is given (sec. 92) to school, poor and bridge funds. But in each case it is by express provision, and not left to inference. Were it the intent of the statute that all taxes should be primarily a town fund, subject only to the precedence of the state tax, the amount of revenue required of a town would have been assessed upon it in gross, and all direct taxation would have been a town tax. Again, had it been the intent that the county tax should be applied upon the town tax until the latter was satisfied, county orders would not have been made receivable (sec. 72) until a sum equal to the town tax was collected.

COLE, J. This is an action upon a town treasurer's bond, given in pursuance of section 57, ch. 18, R. S. The breach complained of is, that the town treasurer has not faithfully and truly accounted for and paid over all the county taxes which have come to his hands. It appears that the town treasurer did not collect upon the assessment roll a sufficient amount to pay both the town and county taxes assessed upon the property of his town. He therefore gave the town the preference, and retained the money sued for, to meet the delinquency or deficit in the town taxes. And the question is, Had he a right to do this under the statute? This question is

not free from difficulty ; but, looking at the various provisions of the statute upon the subject, we think they give the taxes for town purposes a preference over the county taxes. And this view derives support from the language of the tax warrant under which the town treasurer acts. The form of this warrant is given in section 61, and directs the town treasurer, after paying the county treasurer the state taxes, to retain and pay out, as town treasurer, the amount specified therein as town taxes, and "*the balance of said moneys*" he is required to pay the county treasurer for county purposes. This phraseology of the warrant might not be deemed conclusive upon the point, were there nothing else in the statute showing that the town was to have the preference. But section 91 provides that the town treasurer shall retain in his hands the amount specified in his warrant to be paid into the town treasury, together with his fees, and shall, on or before the day specified in his warrant for paying the money therein directed to be paid the county treasurer, pay to him the sum so directed to be paid in the manner required by law ; *and, in every case*, the town treasurer shall pay over the *full amount of state tax, though it may occasion a deficiency in the town taxes*. Now, if the county taxes were likewise to have the preference, it is a little singular that the state taxes alone were here mentioned. Again, sections 93 and 94 prescribe the manner in which the town treasurer shall make return to the county treasurer of the delinquent taxes. And section 95 declares that when the town treasurer has made his return, and annexed thereto his affidavit, etc., "he shall thereupon be credited by the county treasurer with the amount of taxes so returned as unpaid, and doubly assessed." While the next section (96) says, that, upon the settlement thus being made, the "county treasurer shall indorse the bond of the town treasurer filed in his office as satisfied and paid ; and the indorsement so made shall

operate as a full discharge of the bond," unless it afterward appear that the return is false.

Subsequent sections of this chapter direct how the county treasurer shall proceed against the town treasurer, in case the latter neglects or refuses to pay over or account for moneys in his hands, as required by law. And if the county treasurer does not, in his proceedings against the town treasurer, collect the whole amount of moneys due from the town treasurer, then the county treasurer is directed to first retain the amount of the state tax which should have been paid him by the delinquent town treasurer; and next, he shall "pay over the amount of the town and local taxes to the officer or person entitled to receive the same, *and the balance, if any*, he shall retain for county purposes." Sec. 107. Here, again, the town is to have the preference where the whole amount cannot be collected of the town treasurer.

Section 169, however, seems to contemplate that when the delinquent taxes are collected by the county treasurer, by sale for taxes or otherwise, the county is to have the preference over the town. But this is the only instance where that preference is given.

Section 72, so much relied on in the argument by the counsel for the respondent, does not seem to us to have much bearing on the question we have been considering. Of course, if there is a deficit in the amount collected for town and county taxes, the town may prefer to take county orders in payment of its deficiency, to waiting to have the money raised by sale for taxes.

It follows, from these views, that the judgment of the circuit court must be reversed, and the cause be remanded with directions to dismiss the complaint.

*By the Court.* — Ordered accordingly.