498    SUPREME COURT OF WISCONSIN,

Supervisors of the Town of Franklin vs. Kirby and others.

## SUPERVISORS OF THE TOWN OF FRANKLIN VS. KIRBY and others.

PLEADING. *Breach of town treasurer's bond — Facts creating a duty, and a refusal to perform, must both be alleged — The obligation "to account for and pay over" moneys is single.*

1. In a complaint against a town treasurer and his sureties, an allegation that he had not "accounted for and paid over" all the moneys he had received, "as required by law, though often requested," is not sufficient, without stating by whom and under what circumstances the request was made, so as to show that it was his duty to so account and pay.

2. The statute and the condition in the treasurer's bond requiring him to "account for and pay over" moneys, do not create *two* distinct grounds of liability; but the accounting is merely preliminary to the payment.

DIXON, C. J., dissents as to both propositions.

APPEAL from the Circuit Court for *Manitowoc* County.

Action commenced in February, 1869, against *Kirby* as principal and the other two defendants as sureties, upon the bond given by *Kirby* as treasurer of said town, April 7, 1865. The condition of the bond was, that *Kirby* should faithfully discharge the duties of said office, "and faithfully and truly account for and pay over, according to law, all moneys" which should come into his hands as such treasurer. The complaint avers that *Kirby*, in pursuance of his duties as such town treasurer, collected the tax of said town for 1865, amounting to $3,588.31, and has not accounted for or paid over, as required by law to do, the said sum of $3,588.31, but has only accounted for and paid over the sum of $3,084.84; and that there remains in the hands of said *Kirby*, received by him by virtue of his said office, unaccounted for and not paid over as required by law, the sum of $503.77; and that he "refuses and neglects to pay over or account for said sum of $503.77, although

JANUARY TERM, 1870. 499

Supervisors of the Town of Franklin vs. Kirby and others.

often requested so to do." Judgment is accordingly demanded for that sum, with interest, etc.

The defendants demurred to the complaint as not stating a cause of action, and on other grounds; the demurrer was overruled, and defendants appealed.

*J. D. Markham*, for appellants, contended, that the complaint was defective, because it did not show any conversion by *Kirby* of moneys in his hands, or any demand therefor made upon him by any person entitled to make it, followed by a refusal on his part to pay, citing Van Santv. Pl. 239, 276; *Brown v. Stebbons*, 4 Hill, 154; *Eaton v. Gentle*, 1 Chand. 10; *McBain v. Austin*, 16 Wis. 87; *Storm v. Livingston*, 6 Johns. 44; 1 Chitty's Pr. 566; R. S. ch. 15, sec. 88.

*Joshua Stark*, for respondent, argued that the town treasurer is required by law to *account* to the town board at each annual meeting for all moneys received and disbursed by him as such officer (R. S. ch. 15, secs. 81, 88), while he may not be required at the same time to pay over to his successor, because he may be reëlected, or may hold over through the failure of his successor elect to qualify (sec. 49); that, therefore, the obligation to account is wholly distinct from that to pay over; and that the complaint alleges a failure of both duties, a breach of both conditions of the bond. If this action, upon the allegations in the complaint, cannot be maintained, what remedy has the town against its treasurer for failure to account for moneys received by him, as such, when no successor has been chosen or has qualified? 2. Counsel further argued that the complaint was good under sec. 86, ch. 15, R. S., which requires the town treasurer to "pay over and account for" all moneys received by him belonging to the town, "upon the order of such town, or the officers thereof duly authorized;" that it was not necessary for the town to make specific appropriation of the whole disputed sum, and draw its orders upon the treasurer

therefor, in order to put him in default; that any distinct, positive refusal to admit or recognize his liability for, or even his possession, as treasurer, of, certain moneys belonging to the town, must give the town a right of action against him; and that the complaint charges him with such a positive refusal, and in effect charges him with a denial of the receipt, or with the conversion to his own use, of moneys received by him as treasurer. 3. If greater definiteness or certainty in the statement of the cause of action was desired, defendant's proper remedy was by motion for that purpose. If the breach is not stated in as definite terms as it ought to be, still it cannot be said that the facts stated do not, though true, amount to a breach. *Morse v. Gilman,* 16 Wis. 504; *Williams v. Sexton,* 19 id. 42; *Flanders v. McVickar,* 7 id. 372; *Bach v. Bell,* id. 433; *Horton v. Arnold,* 17 id. 139. 4. The positive refusal by *Kirby* either to account for or pay over was a waiver of demand. 2 Till. and Sh. Pr. 94.

PAINE, J. This is an action brought against the town treasurer upon his official bond. The complaint was demurred to, for the reason, among others, that it did not state facts sufficient to constitute a cause of action. This objection seems to me well taken. There are not enough facts stated to show that the treasurer is in default. After showing that money came into his hands as treasurer, the only way in which any breach of the bond is attempted to be shown is by alleging, generally, that he "had not accounted for or paid over" all the money he received, "as required by law," though often requested. This form of allegation is varied by admitting that he had accounted for and paid over a certain sum, and alleging that there was a balance "unaccounted for and not paid over as required by law."

It does not appear, from any thing alleged, that the reason why the treasurer had not accounted for and

paid over the balance in his hands was not because a state of facts had not yet occurred upon which he was required by law to account for or pay it over. It does not appear that any successor has been elected, or that the defendant is not still the treasurer of the town, and entitled to hold the balance as such. It does not appear that any person authorized to demand and receive the money from him has made any demand, or that any order has been drawn upon him, which he has refused to pay. And I think it would be stretching the liberality of the code beyond all reasonable limits, to say that the general allegations that he had not accounted for or paid over all the money he had received, as required by law, though often requested, sufficiently assert the existence of the specific facts necessary to be supplied, in order to show any breach of official duty. These general statements do not necessarily or naturally import the existence of such facts. True, it may be said that unless these facts existed, the general statements are wholly insufficient and useless. But it would hardly do to establish it as a rule of pleading, that because a statement of certain facts is insufficient unless other facts, about which nothing is said, also exist, therefore the allegation of the former shall be construed to import the existence of the latter.

The statute requires, it is true, that pleadings shall be liberally construed for the furtherance of justice. But this means only that they shall be fairly and liberally interpreted, so as to make them say what the pleader intended. It cannot mean, that, after they have been so construed, and it is found that all that is said is insufficient, without other facts, then the court should liberally assume the other facts to be true, upon the ground that the pleader would not have said what he did unless he wished to be understood that the other facts also existed.

The respondent's counsel attempts to sustain the com-

plaint by dividing the clause of the statute, requiring him to account for and pay over moneys coming to his hands, into two distinct grounds of liability. But this construction cannot prevail. He is required to account merely as preliminary to paying over. The latter is the essential thing. And the words "to account for and pay over" are used in the section fixing the condition of the treasurer's bond, to describe his duty in respect to paying properly at all times, and to ascertaining and paying over whatever balance may be in his hands whenever called upon lawfully by any person entitled to receive it. So long as there is no default in paying over, it was not the design of that clause to create a distinct ground of action for not accounting; although, under the general condition of the bond to faithfully discharge the duties of his office, perhaps a sufficient breach of the bond might be shown upon which at least nominal damages could be recovered, by alleging a failure to keep correct accounts, and exhibit the same with his vouchers to the town board as required by section 88, ch. 15, R. S., or to make the sworn statements required by sections 90 and 92.

Under the old system of practice, it was quite common to declare upon bonds as absolute obligations for the payment of money, without disclosing any condition or assigning any breach. The defendant then had to crave oyer, and, after setting out the condition, would aver performance on his part generally. And then the plaintiff would, in his replication, assign the specific breaches relied on. But it is obvious that no such course can be taken under the present practice. The complaint is required to state all the facts necessary to constitute the cause of action, and no reply is permitted except to a counterclaim. And it follows, therefore, that where the complaint discloses the condition of the bond, it fails to show any cause of action unless it alleges facts enough to show that there has been a

breach of that condition by the defendant. I think the complaint here fails to show such a breach; and, in addition to the authorities cited by the appellant's counsel, the following may be referred to as sustaining that conclusion: *Coe v. Rankin*, 5 McLean, 354; *Collins v. Blackburn*, 4 B. Monroe, 252.

*By the Court.*— The order overruling the demurrer is reversed.

DIXON, C. J., dissents.