## WOLFF, County Treasurer, vs. STODDARD, Town Treasurer, and others.

TOWN TREASURER: *What he must pay County Treasurer.*

PLEADING: *Assignment of breach of official bond.*

1. Under ch. 18, R. S., a town treasurer, who has not been able to collect all the taxes called for by his warrant, is entitled, after paying the state taxes, to retain the amount specified in his warrant for *town* taxes, paying to the county treasurer only the balance of the amount in his hands.

2. In an action on a town treasurer's bond, a complaint that "he has not duly and faithfully performed the duties of his office, and has not faithfully and truly accounted for and paid over, according to law, all the state and county taxes which came to his hands," is bad on demurrer, because it does not state the *facts* constituting a breach.

DIXON, C. J., dissents, as to the second proposition.

APPEAL from the Circuit Court for *Sheboygan* County.

Action by *Wolff*, as county treasurer of Sheboygan county, against *Stoddard*, as town treasurer of a certain town therein, and against the sureties on his official bond. The complaint, after alleging that *Stoddard*, as such town treasurer, had executed such bond, and that the other defendants had executed the same as sureties,

etc., merely avers further, that *Stoddard* "has not duly and faithfully performed the duties of his office, and has not faithfully and truly accounted for and paid over, according to law, all the state and county taxes which came to his hands," as such town treasurer, to plaintiff's damage, $12,500; for which sum judgment is demanded. The answer was a general denial. At the trial, defendants objected to the admission of any evidence under the complaint, on the ground that it did not state a cause of action; but the objection was overruled. The question at issue will sufficiently appear from the following instructions. The court refused to charge the jury, as requested by defendants, that if *Stoddard*, as town treasurer, paid over to the plaintiff, as county treasurer, all the money belonging to him as such treasurer, for the county and state taxes, *except the amount returned as delinquent tax*, he had performed the obligation of his bond. On the contrary, the court instructed the jury, that, after the full amount of the *state* tax had been paid to the county treasurer, the balance of the money in his hands must be divided between the town and county in proportion to the amount of town and county taxes borne upon the tax roll; and that the delinquent taxes belong to the town and county in the same proportions.

Verdict for the plaintiff; new trial denied; and from a judgment on the verdict defendants appealed.

*David Taylor*, for appellants, to the point that there was in the complaint no sufficient assignment of any breach of the bond, cited *Julliand v. Burgott*, 11 Johns. 6; *Western Bank v. Sherwood*, 29 Barb. 383; 1 Chitty's Pl. 586, 587; 2 id. 440, 444; *Reed v. Drake*, 7 Wend. 351; *People v. Russell*, 4 id. 570; *People v. Brush*, 6 id. 457; *Barnard v. Darling*, 11 id. 29; *Nelson v. Bostwick*, 5 Hill, 38; 1 Saunders' Pl. & Ev. 651, 654. Upon the merits he cited *Winchester v. Tozer*, 24 Wis. 312.

*Bentley & Seaman*, for respondent.

PAINE, J.   This was an action by the county treas-
urer against the town treasurer, on the bond given by
the latter to secure the payment to the former of the
state and county taxes which the town treasurer might
collect.   The judgment would have to be reversed under
the ruling of this court in *Winchester v. Tozer*, 24 Wis.
312, which was adhered to after an elaborate argument
on a motion for rehearing.

But a majority of the court think, also, that the com-
plaint was fatally defective in not sufficiently showing
any breach of the condition of the bond.   The allega-
tion is merely general, that the defendant had not "truly
accounted for and paid over, according to law, all the
state and county taxes which came to his hands as town
treasurer," etc.   There is no allegation that any state or
county taxes ever came to his hands at all.   The ques-
tion is similar to that in the case of the *Supervisors of
the Town of Franklin v. Kirby and others, ante,* 498.
And for the reasons given in the opinion in that case,
we think the complaint on a bond should state facts
which, if true, show that there has necessarily been a
breach of the condition.

*By the Court.*—The judgment is reversed, and the
cause remanded.

DIXON, C. J., dissents as to the second proposition.