## THE BOARD OF SUPERVISORS OF IOWA COUNTY VS. VIVIAN and others.

*Action on County Treasurer's bond.—Pleading.*

1. In an action at law upon the official bond of a county treasurer, against such treasurer and his sureties, the complaint alleged merely that the treasurer, during the term of office for which such bond was given (being the first of several successive terms), omitted by mistake to charge himself with sundry items, properly chargeable against him, for moneys received by him for the use of the county; and that, by a like mistake on the part of the board of supervisors, settlements were had, and balances struck, without his being debited with said several items. *Held*, that although these facts might be the foundation of a suit in equity to correct the mistakes, if the treasurer, on application, refused to make such correction, they constitute no ground for an action at law as for a breach of the bond.

2. An action on the bond against the treasurer and his sureties cannot be maintained until he has knowingly and purposely refused to render a just and true account, when required so to do by the board of supervisors or by some provision of law.

3. *It seems* that by the terms of a county treasurer's bond (R. S., chap. 13, sec. 123), a neglect or refusal by him to *account* when properly required to do so, is a distinct breach of duty, for which a suit may be maintained against him and his sureties.

4. An averment of a breach of the bond in respect to accounting must be *specific*, and must show, in a case like this, that the treasurer's attention has been called to the particular mistakes alleged in his accounts, and that, after a proper request made and opportunity given him to rectify such mistakes, he has refused or neglected so to do. *Sup'rs Town of Franklin v. Kirby et al.*, and *Wolff v. Stoddard et al.* (25 Wis.,

498 and 503), as to this point, approved and followed; and *Sup'rs Jefferson County v. Jones et al.* (19 Wis., 51), overruled.

5. In the absence of such special averments, a general averment of a breach, or a statement in general terms negativing performance of the conditions of the bond, is *held* insufficient, on demurrer.

APPEAL from the Circuit Court for *Iowa* County.

Action against a county treasurer and his sureties on his official bond. The complaint alleges, in substance, that the defendant *Vivian* was elected treasurer of the county of Iowa for the term commencing January 1, 1861, and qualified as such, the other defendants becoming sureties on his official bond, which runs to the " board of supervisors of Iowa county, " and is set out at large in the complaint ; that during that term he made three several reports to the board of supervisors, in each of which he omitted and neglected by mistake to charge himself with certain specified sums of money received by him as such treasurer, which belonged to the county and were justly chargeable to him ; and that he failed and neglected to account for the same, and those sums were accidentally overlooked and by mistake omitted by the committee appointed to settle with him ; and that certain specified credits were by mistake allowed to him, which he was not entitled to; that the board of supervisors, in their last settlement with him for that term, by an error or mistake, only charged him with having in his hands, of the funds of the county, the sum of $156.65, when he had, in fact, the sum of $2,952.07 ; that the several reports or settlements were incorrect or false, and several errors occurred therein through mistakes ; that he has been re-elected for each successive term since the first as his own successor, and still holds the office, and has ever since had in his hands the several sums for which he failed to render an account, and " has failed, neglected and refused to render any account for the same to the county board of supervisors of said county, " though " he has often been requested so to do, and has failed, neglected and refused to deliver or pay the same over to his successor in office, or to any

person that is authorized to receive the same, as was his duty to do; that he has ever since and still does retain the same, and has ever since neglected, failed and refused, and still does neglect, fail and refuse to render a true and correct account thereof, or any account thereof whatever, though often requested so to do, and has ever since neglected, failed and refused, and still does neglect, fail and refuse to pay and deliver the same over. "

The defendants demurred to the complaint, on the ground, among others, that it does not state facts sufficient to constitute a cause of action.    The court overruled the demurrer, and the defendants appealed from the order.

*Cothren & Lanyon* and *M. M. Strong*, for appellants :

The complaint does not allege any breach of the bond.    It does not charge that the defendant *Vivian* has ever neglected or refused to pay over, on the properly drawn order of the board, any moneys in his hands.    The allegation that he " neglects and refuses to pay the same over to his successor in office," is contradicted, and rendered nugatory, by the allegation that he is now the treasurer of the county.    He is the sole and proper custodian of the funds until a proper order shall be presented for their payment.    There is no allegation that he has neglected or refused to exhibit his books, accounts and vouchers to the board of supervisors; but it is simply alleged that he made mistakes.    The duties of accounting for and paying over cannot be divided into two distinct grounds of liability. *Supervisors v. Kirby*, 25 Wis., 498 ; *Wolf v. Stoddard*, id., 503.

*J. M. Smith* and *S. W. Reese*, with *W. E. Carter*, for respondents, argued that the bond was valid and the sureties liable thereon, and that breaches of its conditions were sufficiently alleged in the complaint (*Supervisors of Jefferson County v. Jones*, 19 Wis., 51); that the demurrer was frivolous, its insufficiency being manifest upon bare inspection of the pleadings (*Far. and Mil. Bank v. Sawyer*, 7 Wis., 379 ; *Ferguson v. Troop*, 16 id., 571); that, if not frivolous, it cannot be considered, because it does not distinctly specify the grounds of objection

to the complaint, as required by sec. 6, ch. 125, R. S. 1 Mon-
ell's Pr., 584 et seq.; 6 How., Pr. R. 361; 7 id., 278; 13 id.,
360; 4 id., 226; 14 id., 282; 17 id., 487; 22 id., 30; 2 Code
R., 59; 7 N. Y. Legal Obs., 319; 16 Barb., 541; 17 id.,
260; 1 N. Y. Pr., 366; 1 Abb. Pr. R., 106; 12 id., 437; 3
Seld., 476; 28 Eng. L. & Eq., 157; 1 Duer., 597; 5 N. Y., 359.

DIXON, C. J.    The facts set forth in the complaint are con-
cisely and accurately stated in the brief of counsel for the de-
fendants, which also contains a very satisfactory argument,
showing that the complaint is and must be held demurrable.
The action is upon the official bond of the county treasurer,
given for his first term of office, which was for the years 1861
and 1862.    It is an action at law against the treasurer and his
sureties in the bond, for alleged defaults of the treasurer made
during that term of office.    The complaint avers that the
treasurer was elected his own successor at the end of that
term, and has so continued to be elected from term to term
from that time to the present, and has all the time continu-
ously held, and now lawfully holds the office, exercising the
functions and performing the duties appertaining to it.    The
only defaults charged during his first term of office are, that
the defendant *Vivian*, as treasurer, in the several settlements
of his official accounts for that term, made with the board of
supervisors of the county, omitted by mistake to charge him-
self with sundry items as moneys received by him for the use
of the county, which the complaint alleges should have been
so charged.    The complaint charges, and it is repeated again
and again in the course of the averments, that this was merely
a mistake on the part of the treasurer, and that, by a like mis-
take on the part of the board of supervisors, the settlements
were had and balances struck and stated with the treasurer,
without his being debited with the several sums which it is
now said were omitted.    This mere mistake, which was mutual
on the part of the treasurer and of the public officers whose

duty it was to receive, examine and adjust his accounts with the county, is the sole cause of action stated. Nothing like an intended or willful neglect or refusal by the treasurer to report, or to charge himself with moneys for which the county ought to have received credits, is alleged, but only an unintentional or accidental omission to do so, and that common to both parties in stating the accounts. Such facts as these, however they might be the foundation of a suit in equity to correct the mistakes, if upon proper application it appeared that the treasurer voluntarily refused to make the correction, constitute no breach of the official bond for which an action at law may be maintained against him and his sureties; certainly not until he has, contrary to the conditions of his bond, knowingly and purposely refused to render a just and true account when required by the board of supervisors, or by some provision of law, so to do.

The decisions of the majority of this court in the recent cases of *Supervisors of the Town of Franklin v. Kirby and others*, and *Wolff, County Treasurer, v. Stoddard, Town Treasurer and others*, 25 Wis., 498 and 503, are at least authority to this extent, as to what shall be deemed a breach of the official bond of a county treasurer. In the former it was held, that the provision of a *town* treasurer's bond, conditioned as by the statute (R. S., ch. 15, sec. 87; 1 Tay. Stats., 370, § 113), " that he will faithfully and truly account for and pay over, according to law, all moneys that shall come into his hands as such treasurer, " does not impose two distinct duties, the one to " account for, " and the other to " pay over, " such moneys, nor create two distinct grounds of liability. Upon this point I was unable to concur with my brethren, and I am still unable to construe the statute as they did. But, whether the same rule would apply to and govern the construction of a *county* treasurer's bond, as is contended by counsel for the defendants, is quite a different question. The condition of the bond of the county treasurer, the form of which is prescribed by the statute (R. S., ch. 13, sec.

123, 1 Tay. Stats., 326, § 172), are as follows, viz : that he "and his deputy, and all persons employed in his office, shall faithfully and properly execute the duties of said office ; " and that he "shall pay, according to law, all moneys which shall come to his hands as treasurer, *and will render a just and true account thereof whenever required by the said board of supervisors, or by any provision of law*, and shall deliver over to his successor in office, or to any other person authorized by law to receive the same, all moneys, books, papers or other things appertaining or belonging to his office. " This language seems to me very clearly to create and impose the separate duty of accounting, and to make the neglect or refusal of the treasurer to do so, whenever properly required, a distinct ground of liability and breach of the conditions of his bond, for which an action at law may be maintained against him and his sureties. And this is consistent with the decision of this court in *Supervisors of Jefferson County v. Jones et al.*, 19 Wis., 51, where, if not directly ruled, it was at least assumed, that the refusal of the treasurer to render a just and true account was a breach of one of the conditions of the bond. But the latter case, so far as it may be supposed to sanction the position that an assignment of breaches in general terms, as is done in the complaint in this case, namely : " that the treasurer has neglected, failed and refused, and still does neglect, fail and refuse, to render a true and correct account of said several sums, or any account thereof whatever, and to pay and deliver the same over to his successor in office, or to any person authorized to receive the same, though he has been often requested to do so, " or " which he has been often requested to do, " is sufficient upon demurrer, must be considered as overruled by the two later decisions, which are first above referred to. It is proper to remark of that case, however, that the point of insufficient assignment of breaches, although it might have been, was not made by counsel, nor was it passed upon by the court; and the later decisions firmly settle the doctrine to be, that such assignment, to be good, must be specific, and

such as to show that the attention of the treasurer has been directly called to the mistakes, and an opportunity given, coupled with a proper request for him to rectify them, which he has neglected and refused to do.　In the absence of special averments showing that these things have been done, the mere general assignment of a breach, or a statement in general words negativing a performance of the condition, goes for nothing, and the complaint will be held bad on demurrer.　So far, at least, these late decisions must be held to control in this action, and to show that the complaint is bad, on demurrer, as not stating facts sufficient to constitute a cause of action.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.