CARRINGTON vs. BAYLEY and another, imp.

PLEADING:  *Complaint on guardian's bond.*

A guardian's bond is not " an instrument for the payment of money only," within the meaning of sec. 24, ch. 125, R. S.; and, in an action on such bond, it is not enough to set it out in *hæc verba* and allege that a certain sum is due thereon, but a breach must be distinctly assigned.

APPEAL from the Circuit Court for *Grant* County.

Action upon a bond executed May 4, 1857, by the defendant Bell as principal, and the other defendants as sureties, upon a license being granted to Bell, as guardian, to sell real estate of his minor wards. The complaint sets out the bond in *hæc verba,* and alleges that there is now due thereon to the plaintiff from the defendants the sum of $3,000 (the penalty named in the bond), for which judgment is demanded. No breach of the bond is alleged. The defendants *Bayley* and *Hodges* demurred to the complaint for insufficiency of facts, and appealed from an order overruling their demurrer.

*Wm. E. Carter* for the appellants, cited *Wolff v. Stoddard,* 25 Wis., 503; *Supervisors of Town of Franklin v. Kirby,* id., 498; *Supervisors of Iowa Co. v. Vivian,* 31 id., 217, 222;

*Gerber v. Ackley*, 32 id., 233; *Cairns v. O'Bleness*, 40 id., 469; *Supervisors of Washington Co. v. Semler*, 41 id., 374, 380; *Porter v. Kingsbury*, 5 Hun, 597; *Alder v. Bloomingdale*, 1 Duer, 601; *Conkling v. Gandall*, 1 Keyes, 228; *Kidwell v. State*, 45 Ind., 27; *Washington Township v. Bonney*, id., 77.

The cause was submitted for the respondent on the brief of *L. J. Arthur*. He contended that the action was "founded upon an instrument for the payment of money only," and the complaint good under the statute (R. S., ch. 125, sec. 24; Tay. Stats., 1443, § 26; *Coe v. Straus*, 11 Wis., 72; *Leggett v. Jones*, 10 id., 34; *Prindle v. Caruthers*, 15 N. Y., 425); and that, if otherwise, the remedy was by motion to make the complaint more definite and certain. R. S., ch. 125, sec. 22; Tay. Stats., 1443, § 24; Voorhies' Code (1870), p. 247; *Martin v. Kanouse*, 11 How. Pr., 568; 2 Abb. Pr., 327.

COLE, J. This action is brought upon a bond executed upon the 4th of May, 1857, by the defendant Bell as guardian and principal (and the other defendants as sureties), upon his being licensed to sell the real estate of minors. The complaint sets out the bond in *hæc verba*, and alleges that there is now due the plaintiff, from the defendant, the sum of three thousand dollars, the penalty of the bond. But no breach of the bond is alleged or shown, and we therefore think the complaint is clearly defective. It is, however, said in support of the sufficiency of the complaint, that the instrument counted on is for the payment of money only, within the meaning of the last clause of section 24, ch. 125, R. S., and that it was sufficient merely to give a copy of the bond and state the amount due thereon to the plaintiff. We have never supposed that this provision applied to cases of this kind. On the contrary, in actions brought on official bonds, this court has held that a breach of the bond must be clearly assigned or shown *(Sup'rs of Town of Franklin v. Kirby*, 25 Wis., 498; *Wolff, County Treasurer, v. Stod-*

*dard*, id., 503; *Sup'rs Iowa Co. v. Vivian*, 31 id., 217; *Gerber v. Ackley*, 32 id., 233; *S. C.*, 37 id., 43; *Cairns v. O'Bleness*, 40 id., 469; *Sup'rs Washington Co. v. Semler*, 41 id., 374); and we see no ground for a distinction between those cases and this. It is very true, this is an obligation to pay money upon the happening of an event; but the money only becomes payable when such event has happened. It is not an unconditional promise to pay any sum. The condition is, " if the said Harrison Bell shall well and truly account for and pay over to the person entitled thereto all the net proceeds of such [sale], and honestly and fairly demean himself in the premises, then this obligation to be void; otherwise to be and remain in full force and effect." Now it does not appear from the complaint that the guardian ever made sale of any lands under the license; or ever became liable to account for any money; or failed to pay over any money which came to his hands belonging to the plaintiff; or that he has in any other respect violated the condition of the bond. Nothing is stated showing that the penalty has become due and payable. For these reasons we think the complaint is bad, and that the demurrer should have been sustained.

*By the Court.* — The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.