The Town of Marinette vs. The Board of Supervisors of Oconto County.

Taxes: County Orders. *How far county orders receivable for taxes. Effect of such receipt as payment of the orders.*

1. Under section 72, ch. 18, R. S. 1858, as amended by sec. 1, ch. 124 of 1859, construed in connection with sec. 129, ch. 13, R. S. 1858, as amended by sec. 1, ch. 42 of 1859, a town treasurer is authorized to receive from any single tax-payer, *in county orders,* only a sum equal to the county taxes due *from such tax-payer.*

2. When county orders have been thus received by the town treasurer in payment of the county tax, they are *paid,* and cannot be held by the town as obligations of the county to it.

3. The statutory form of the town treasurer's warrant (sec. 91, ch. 18, R. S. 1858; sec. 33, ch. 130 of 1868; sec. 1081, R. S. 1878), and other provisions in former and present statutes relating to payments by town treasurers to county treasurers, by which preference is given to the town over the county in respect to *moneys* paid to the town treasurer for taxes (*Winchester v. Tozer,* 24 Wis., 312; *Wolff v. Stoddard,* 25 id., 503), are not in conflict with the provisions relating to *county orders* as above construed; but, if they were so, in terms, the *special* provisions relating to such orders must prevail over the more *general* provisions in apparent conflict with them.

APPEAL from the Circuit Court for *Oconto* County.

The defendant board appealed from a judgment in favor of the plaintiff town. The case will sufficiently appear from the opinion.

For the appellant, there was a brief by *R. W. Hubbell,* District Attorney, with *Tracy & Bailey,* of counsel, and oral argument by *Mr. Tracy.*

For the respondent, there were briefs by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*. They contended, 1. That the statute (Tay. Stats., 421, § 109) required the town treasurer to *retain* in his hands " the *amount specified in his warrant* to be paid into the town treasury," after paying the state tax in full; that the warrant in this case, following the statute (Tay. Stats., 410–11, § 67), commanded the town treasurer, *first*, to pay to the county treasurer the whole amount levied for state tax; *secondly*, to " retain and pay out as town treasurer, according to law," a specified sum, being the whole amount levied for town or inferior local purposes; and *thirdly*, to pay over " the *balance* of said money " to the county treasurer for county purposes; that the town treasurer, in the collection and return of taxes, was a ministerial officer, bound to obey the terms of his process strictly *(Stahl v. O'Malley,* 39 Wis., 328, and cases there cited); that, as a public officer charged by law with certain plain, positive duties, he was not therein subject to the direction of the town or of any other person *(Lorillard v. Town of Monroe,* 11 N. Y., 392; *Kellogg v. Sup'rs,* 42 Wis., 103); that, if he had collected only enough to pay the state tax and the town and local taxes, he was not at liberty to pay anything to the county treasurer for county purposes *( Winchester v. Tozer,* 24 Wis., 312; *Wolff v. Stoddard,* 25 id., 503; *Stahl v. O'Malley* and *Kellogg v. Sup'rs, supra),* and that neither in the sections above cited, nor in this warrant, nor elsewhere, was the town treasurer's duty to retain the amount expressed in the warrant limited to cases in which he had that amount in *money,* but it was made his absolute duty to retain that *amount,.* if so much was left after paying over the state tax, and he was bound therefore to retain it if he had it in his hands in *any funds receivable for taxes generally.*  2. That sec. 72, ch. 18, R. S. 1858, as amended by ch. 124 of 1859 (Tay. Stats., 414, § 81), makes both town and county orders receivable generally for taxes, up to certain amounts, and does not declare that county orders shall be

received for county taxes only; that there is nothing in its provisions inconsistent with those of the sections previously recited, or with the duty of the town treasurer as above defined; that under no possible circumstances could the town treasurer have any occasion, under the statute, to use town orders in settlement with the county treasurer; that the town is indeed not positively required by the terms of said sec. 72 to allow its treasurer any other orders than town orders on settlement of town taxes, but neither is it forbidden to make such an allowance; and that, after county orders have been received by the town treasurer, he may, if he chooses, at any time present them to the county treasurer for payment, though he has no occasion to do so in respect to those which he does not *retain for the town*, but pays over to the county treasurer. 3. That the command of the town treasurer's warrant, not only to retain but to "pay out" the specific sum named therein, must be construed as merely a command to *disburse*, or to hold for town purposes, and it cannot be said that the treasurer is not to retain county orders because he cannot pay them out. Under sec. 92, ch. 18, R. S. 1858 (Tay. Stats., 421, § 110), he can pay out nothing but cash funds. It might as well be argued from the terms of the warrant, that he cannot retain town orders because he cannot pay them out. Sec. 72, above cited, says nothing about paying out, but simply declares that he shall retain the amount specified in his warrant *to be paid into* the town treasury.

TAYLOR, J. This action was brought by the town of Marinette, respondent, to recover of the county of Oconto the value of certain county orders which were received by the treasurer of the town of Marinette in payment of taxes, and which were by him paid over to the county treasurer of said county, on his settlement with such treasurer, for the taxes collected by him in his town. The claim of the plaintiff is, that the treasurer of said town did not collect enough taxes,

exclusive of such county orders, to pay the state tax and the whole of the town taxes, and that it was the duty of the town treasurer, therefore, to have held in his hands the county orders received by him in payment of taxes, to an amount sufficient, when added to the money and town orders collected and received by him, to make up the whole amount of the town and state taxes; that the county is not entitled to receive any of the county orders received in payment of taxes by the town treasurer, unless it appears that the town treasurer, before making his return of delinquent taxes, has in fact collected of the taxes upon the tax roll in his hands more than enough to pay the state and town taxes.

The solution of the question depends upon the construction which must be given to section 72, ch. 18, R. S. 1858, as amended by section 1, ch. 124, Laws of 1859, and section 129, ch. 13, R. S. 1858, as amended by section 1, ch. 42, Laws of 1859. The following are copies of said sections 72 and 129, as amended:

" Section 72. Town orders shall be payable for taxes in the town where issued, and shall be allowed the town treasurer on settlement of town taxes; and county orders and jurors' certificates shall be payable for taxes in the county where issued, and shall be allowed to such treasurer on his settlement of county taxes with the county treasurer; but no town treasurer shall receive town orders in payment for taxes to a larger amount than the town taxes included in his assessment roll, exclusive of all taxes for school purposes, nor county orders and jurors' certificates to a greater amount than the county tax included therein; and he shall, in all cases, pay to the county treasurer the full amount of state tax on or before the third Monday of January in each year."

" Section 129. County orders, properly attested, shall be entitled to a preference as to payment according to the order of time in which they may be presented to the county treasurer; but when two or more orders are presented at the same

time, precedence shall be given to the order of the oldest date; but every county treasurer shall receive of town treasurers all county orders issued in such county, which such town treasurer may present in payment of county taxes, to the amount of the county taxes collected by any such town treasurer in his town in the year in which such orders are offered in payment; provided, no city or town treasurer shall be allowed to pay a larger amount in county orders than he has received in the collection of county taxes; said amount to be determined by the affidavit of the treasurer."

The learned counsel for the respective parties agree that under the provisions of said section 72 the town treasurer is only authorized to receive from each individual tax-payer in county orders, a sum equal to the county taxes charged upon the tax roll against such individual; and that it does not authorize him to receive generally, in payment of taxes, a sum in county orders equal to the whole amount of county taxes included in the whole tax roll.

The section thus construed (and we think no other construction can be properly given to it) authorizes the town treasurer to receive, and each tax-payer to pay, in county orders the amount of county taxes charged against him on the tax roll, and negatives the idea that such orders are receivable generally for taxes, and that the amount so receivable is only limited by the amount of county taxes charged upon the roll.

The statute is in itself most equitable. It says to the tax-payer who holds a claim against the county, which has been duly liquidated and audited by the proper authorities, and upon which he is entitled to demand payment of the county treasurer: "You may satisfy with such claim any demand which the county has against you for county taxes, provided you offer to do so before the town treasurer returns such tax as delinquent to the county treasurer." It permits a set-off of the order so held by the tax-payer against the county tax, and it necessarily follows that when the set-off is made as the law

provides, both debts are satisfied; the county tax is paid and discharged by the county order, and the order is necessarily paid by the discharge of the county tax.

The learned counsel for the respondent admits that when the town treasurer receives a town order under the provisions of said section, in payment of a town tax, the order is paid and satisfied; but insists that the county order received under the same circumstances is not paid. We are unable to see why, if it is paid in the case of the town order, it is not in the case of the county order. In the case of the town order it is received by the treasurer on behalf of the town, and in the case of the county order it is, we think, equally clear that it is received on behalf of the county. The claim that the county order is not satisfied and paid when received by the town treasurer in discharge of a county tax, leads to this absurdity, that the claim of the county against the tax-payer is satisfied by the delivery of the county order to the town treasurer, and yet he may hold the same and again demand of the county payment for the amount thereof, notwithstanding the county has already paid it by discharging an equal amount of taxes due from the person who delivered it to the treasurer.

The only provisions anywhere in the statutes directing what shall be done with the county orders received by the town treasurers for county taxes are found in the two sections above quoted. The first section, after providing that the town treasurer shall receive them, says, they " shall be allowed to him on his settlement of county taxes with the county treasurer;" and the second section makes it the duty of the county treasurer to receive of town treasurers all county orders issued in such county, which such town treasurer may present in payment of county taxes; but he shall not receive more than the amount of county taxes collected by such town treasurer, nor more than he has in fact received in the collection of such taxes. These two sections make a special provision as to the collection of taxes in county orders, and they are independent of,

and, as we think, entirely uncontrolled by, any other provisions of the law relative to the collection of taxes. These sections are complete in themselves; they define when a tax may be paid without the payment of money, and also what shall be done with the thing received in payment of the tax when so paid. These provisions amount to simply this: the county owes the tax-payer, and says to him, " Instead of paying what you owe the county for taxes in money, you may give credit for the amount on your claim against the county; the county will appoint the town treasurer to give a receipt for the tax and receive the evidence from you that he has credited the county for the amount on your claim; and the county, in settling with the treasurer, shall allow him the amount of these evidences of credit instead of money." 

These sections, standing alone, are plain and unequivocal, and can admit of no other construction; but it is urged with great earnestness and ability that this plain construction of these sections must yield to the express direction in the town treasurer's warrant. Sec. 33, ch. 130, Laws of 1868, and section 91, ch. 18, R. S. 1858. The form of the warrant commands the treasurer that out of the moneys collected he must first pay to the county treasurer the amount of the state tax, and retain and pay out, according to law, as town treasurer, the amount of the town taxes, and the balance of the moneys he must pay to the county treasurer. Said section 91 requires the town treasurer " to retain in his hands the amount specified in his warrant to be paid into the town treasury, together with his fees, and on or before the day specified in his warrant for paying the money therein directed to be paid to the county treasurer, pay to him the sum so directed to be paid in the manner required by law; and in every case the town treasurer shall pay over the full amount of state tax, though it may occasion a deficiency in the town taxes." It is claimed, and the claim has been upheld by this court in *Winchester v. Tozer*, 24 Wis., 312, and *Wolff v. Stoddard*, 25 Wis., 503, that the

town is to have the preference over the county; that of the moneys collected the town must be fully paid before the county can demand any payment by the town treasurer of the county taxes collected by him; and that, in case of any deficiency, the county must make itself good out of the delinquent taxes returned unpaid. This rule, as established in the cases above cited, has been declared by statute in the revision of 1878, and section 1114 provides that "all taxes returned as delinquent shall belong to the county, and be collected with the interest and charges thereon for its use, . . . but if such delinquent taxes, exclusive of the five per cent. collection fees, exceed the sum then due the county for unpaid county taxes, such excess, when collected (with the interest and charges thereon) shall be returned to the town treasurer for the use of the town."

It will be seen that these sections, as well as secs. 72 and 129, were all enacted together as a part of the same system for the collection of taxes, in the revision of 1849, secs. 52, 56, 68, 69, ch. 15, and sec. 110, ch. 10, and have been continued in force until the revision of 1878, and were then substantially reenacted in that revision. See sections 1080, 1110, 1091, 715. If there is any conflict in the provisions of the statutes, such conflict was in the original system, devised in 1849, and has been perpetuated down to the present time.

It does not seem to us that there is any conflict in the provisions of the several sections. Section 33, ch. 130, Laws of 1868, which prescribes the form of the warrant (and which is but a reenactment of sec. 52, ch. 15, R. S. 1849, and sec. 61, ch. 18, R. S. 1858), and sec. 91, ch. 18, R. S. 1858, prescribe a general rule which shall govern and fix the rights of the towns and counties in the collection of taxes; and section 72, ch. 18, and section 129, ch. 13, R. S. 1858, were enacted for a specific purpose; and if such specific purpose be in conflict with the general rule, then such purpose must prevail over the general rule. It must be treated as an exception or modification of

the general rule which is prescribed for the government of the respective officers of the town and county. The general provision must give way to the special provision. Strictly speaking, there is no conflict in the provisions. His warrant commands the town treasurer that out of the money collected he shall pay and retain, etc., not that he shall pay or retain out of the county orders received by him in payment of county taxes. The provision, therefore, that the county orders received shall be allowed him in his settlement with the county treasurer, does not conflict in the least with the command of his warrant; and as there is no provision specially authorizing the town treasurer to pay into the town treasury the county orders received by him, he must pay them over to the county treasurer as authorized by law. In addition to the absurdity of holding that a county order which the law declares the county shall receive in discharge of its county tax, shall, notwithstanding it has been so received, remain an outstanding and valid claim against the county, many other inconveniences might arise if the towns were authorized and required to retain the same for any balance which might be due the town for uncollected taxes. I suppose there can be no option. The town treasurer is either compelled to receive and retain them, or he is required to hand them over to the county treasurer in making his settlement. If the town must keep them, then the law requires that they must be taken in extinguishment of town taxes at their par value, no matter what their real value might be; and it might be that under the decisions of this court the town might be compelled to take county orders against which the statute of limitations had run, as this court has decided that such county orders must be received in payment of county taxes. *Pelton v. Supervisors,* 10 Wis., 69.

The question involved in this case is only of practical importance in a few of the towns in our northern counties, and in those we think the construction we have given the law as

between the towns and counties will work much less harm than the one contended for by the learned counsel for the respondent. If the town treasurers do not collect money and town orders enough to pay the state and town taxes, the town will have a claim for the balance against the county when the same is collected under the provisions of section 1114; and if they cannot be collected by the county, there would seem to be no injustice in saying that the loss should fall equally upon the town and county, instead of upon the county alone.

The cases of *Winchester v. Tozer* and *Wolff v. Stoddard*, above cited, are not in conflict with this opinion, as the question discussed and involved in this case was not discussed or involved in either of them.

Having come to the conclusion that county orders received by a town treasurer in payment of county taxes, when so received, belong to the county and not to the town, and that the town treasurer cannot hold them for the use of the town, but must deliver them to the county treasurer in his settlement with such treasurer, it becomes unnecessary to consider the other questions which were discussed by the learned counsel for the respective parties in their briefs and at the bar.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to render judgment for the defendant.