CARBERRY and another v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS.

*March 9 — March 24, 1881.*

FIRE INSURANCE: PLEADING. *What complaint must aver as to notice and proofs of loss.*

In an action upon a fire insurance policy, which makes the loss payable ninety days after notice and proof thereof, the complaint, after reciting that provision, fails to state a cause of action if it does not allege facts showing that such notice and proofs were given and furnished *ninety days before the complaint was filed and served;* and averments that plaintiffs "duly performed all the conditions" of the policy on their part, and, before the commencement of the action, made "due demand" upon defendant for the amount of the loss, are insufficient for that purpose.

Carberry and another vs. The German Ins. Co. of Freeport, Ill.

APPEAL from the Circuit Court for *Waukesha* County.

Action on a fire-insurance policy. The complaint is thus stated by Mr. Justice TAYLOR: "The complaint sets out, among other things, that the company agreed to pay, in case of loss, 'the amount of the loss or damage, to be estimated according to the cash value of the property at the time of the loss, and to *be paid ninety days after notice and proof thereof made by the assured to the defendant.*' The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The point made against the sufficiency of the complaint is, that it does not sufficiently state the facts showing that the plaintiff had given the required notice and proof of loss to the defendant ninety days before filing the complaint in the action. The complaint alleges that the loss occurred on the 21st day of August, 1878, and 'that afterwards the plaintiffs gave due notice of said fire, destruction and loss, and made due report and proof of the aforesaid loss, and duly performed and fulfilled on their part all the conditions of said policy of insurance, by them, and each and every of them, to be done and performed, and before the commencement of this action made due demand of the defendant that it pay the amount of said loss and damage, to wit, the sum of $1,000. And the plaintiffs further show that the defendant has not paid the said sum of $1,000, or any part thereof, but it has refused and neglected, and still doth refuse and neglect, to pay the same, or any part thereof, to the plaintiffs or either of them.' No copy of the policy of insurance is set out in the complaint, and there is no allegation therein showing within what time after the loss it was the duty of the assured to give notice thereof, and make report and proof of the same."

Defendant's demurrer to the complaint was overruled; and it appealed from the order.

The cause was submitted for the appellant on briefs of *Cotzhausen, Sylvester & Scheiber.*

For the respondents there was a brief by *J. V. V. Platto,*

*Cook & Carney* and *Vernon Tichenor*, and oral argument by *Mr. Platto.*

TAYLOR, J. The learned counsel for the appellant insists that the complaint does not show upon its face that there was anything due to the plaintiffs upon the policy of insurance set out in the complaint at the time the action was commenced, or at the time of filing the complaint, because the facts stated do not show that the proofs of loss were made and delivered to the defendant ninety days before the commencement of the action or filing of the complaint. This position is not controverted by the learned counsel for the respondents, but he insists that, as it does not affirmatively appear upon the face of the complaint that the action was commenced within ninety days after the proofs of loss were furnished to the defendant, the complaint is sufficient on its face, and, if the defendant seeks to make an issue upon the question whether the action is prematurely brought, he must do so by an answer in abatement setting up that fact, or avail himself of the fact, if it appears upon the trial, by a motion for a nonsuit. There is, we think, but one view of the question which will support the ruling of the court below upon this demurrer, viz., that where the objection to the complaint simply goes to matters which would abate the action, and which are not a bar to plaintiff's cause of action, the defendant must answer, and set up the facts by way of answer, and that he cannot avail himself of the objection by a demurrer, under the statute. This view of the case would construe the statute which gives the right to demur on the ground that the complaint does not state facts sufficient to constitute a cause of action, to relate only to the absence of such facts in the complaint as show that the plaintiff either has now or may have at some future time a cause of action against the defendant; in other words, the general demurrer is not good unless upon the proof of the facts stated the defendant would be entitled to a judgment in bar of the plaintiff's

action.   In view of the statute, which provides that the complaint must, amongst other things, contain " a plain and concise statement of the facts constituting such cause of action," we hold that the facts which are required to be stated in the complaint are not only those facts which show that the plaintiff may have a cause of action against the defendant at some future time, but also the facts which show that he has a present cause of action which he is entitled to enforce at the time of filing and serving his complaint.   The plaintiff must show by his complaint that his cause of action is perfect and enforceable at law when he serves the same.   If, therefore, the complaint does not show that the demand sued for is due from and payable by the defendant to the plaintiff when his complaint is filed or served, it does not state facts sufficient to constitute a cause of action, within the meaning of the demurrer given by the statute.   This appears to be the most reasonable construction of the statute.   Otherwise, even though the complaint contained allegations which affirmatively showed that the demand sued for was not yet due and payable, no demurrer would lie to the complaint, and the defendant would be compelled to take issue on the facts alleged and go to trial, when it was clearly apparent from the pleadings that no recovery could be had.

The question, then, is, Do the facts stated in the complaint in this case show that the insurance money was due and payable when the complaint was filed?   No inference can be drawn in favor of its being due because the facts stated do not negative that fact.   The plaintiff cannot recover upon anything but the facts stated, and no inferences can be drawn in favor of the plaintiff except such as necessarily or fairly follow from the facts so stated.   In this case the complaint alleges that after the loss occurred, the notice of the loss and proofs of same were given to the defendant; but, there being no time stated when such notice was given or proofs made, there can arise no inference that they were given or · made ninety days

before the filing or serving of his complaint. The statement of facts would be equally true whether they had been given and made one day, one month or one year before. This statement of facts does not show that the money was due the plaintiff from the defendant. But it is insisted that the general allegation that the plaintiffs "duly performed and fulfilled on their part all the conditions of said policy by them to be performed, and that, before the commencement of the action, they made due demand of the defendant that it pay the amount of said loss and damage, and that the defendant has not paid the same or any part thereof, but refuses to pay the same," is a sufficient allegation that the money was due and payable at the time of serving the complaint. It is insisted that waiting ninety days after the proofs of loss were made and served on defendant, before the money would become due from the defendant to the plaintiffs, was a condition precedent to be performed by them, within the meaning of section 2674, R. S. 1878, which provides that, "in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions of his contract."

We think the learned counsel is mistaken in his construction of this statute. When the plaintiffs had suffered a loss under their policy, and given notice thereof, and served their proofs of loss in the manner prescribed by the policy, they had performed all the conditions precedent, which, so far as appears from the complaint in this action, they were bound to perform to entitle them to recover. The fact that the money did not become due until ninety days after they had performed these conditions, and that the plaintiffs were bound to wait that length of time before they could maintain an action to recover the money on the policy, was not a condition precedent to be performed by them, within the meaning of said section. This was expressly so decided, and, we think, correctly, in *Doyle v.*

*Ins. Co.*, 44 Cal., 264–5. In that case the allegations of the complaint were fully as explicit as in the case at bar; and, in addition thereto, it was alleged that the money was "now due." The court say: "The allegation that the sum 'is now due' may be laid out of the case, inasmuch as that is a conclusion of law merely. Nor does the averment that the plaintiff duly performed all the conditions on her part in the said policy of insurance to be performed, and that she had given due notice and proof of the loss, aid the complaint in this respect. . . . Under the terms of the policy, the doing of these things would not give her an immediate right of action against the defendant for the payment of the sum demanded; for the defendant was not bound to pay until the lapse of sixty days thereafter. In a complaint filed the next day after the notice and proof had been given, it might have been alleged with truth that all these things had been done."

The obligation on the part of the plaintiffs to wait for the payment of their money ninety days after the proofs of loss were given, may, in some sense, be a condition to their right of recovery, but it is clearly not a condition precedent to be performed by them within the meaning of said statute; and therefore a general allegation of performance of all conditions precedent is not a sufficient allegation of facts showing the money due and payable. This court said, in *Town of Franklin v. Kirby*, 25 Wis., 498, 502: "The complaint is required to state all the facts necessary to constitute the cause of action. . . . And it follows, therefore, that where the complaint discloses the condition of the bond, it fails to show any cause of action unless it alleges facts enough to show that there has been a breach of that condition by the defendant." In the same case the court hold that general allegations of a breach of the contract or bond are not sufficient, although, in order to prove the general allegation, it would be necessary to prove the particular facts which constituted the breach; and, upon this point, they say: "It would be stretching the liberality of

the code beyond all reasonable limits, to say that the general allegation that he had not accounted for or paid over all the money he had received as required by law, though often requested, sufficiently asserts the specific facts necessary to be supplied in order to show any breach of official duty. These general statements do not necessarily or naturally import the existence of such facts. True, it may be said that, unless these facts existed, the general statements are wholly insufficient and useless. But it would hardly do to establish it as a rule of pleading, that, because a statement of certain facts is insufficient unless other facts about which nothing is said also exist, therefore the allegation of the former shall be construed to import the existence of the latter." The reasoning in this case is strictly applicable to the case at bar. It is said that, because the plaintiffs have alleged that they "duly demanded payment of the insurance money in this case," such allegation is a sufficient allegation that the money was due when such demand was made, otherwise it could not have been duly demanded, and therefore the allegation of "due demand" shall be construed to import that the money was due when demanded. This would be in direct conflict with the decision in the case above referred to. The same rule of pleading was approved in *Wolff v. Stoddard,* 25 Wis., 503; *Superv'rs of Iowa Co. v. Vivian,* 31 Wis., 217, 223; *Carrington v. Bailey,* 43 Wis., 507.

We find nothing in conflict with this view of the case in *Harriman v. Ins. Co.,* 49 Wis., 81, 82. What was said in that case was, that the furnishing of proofs of loss was a condition precedent to the right of recovery, and the plaintiff must therefore allege such fact, either generally or specifically; and it was further said that if upon the trial the plaintiff failed to prove that he furnished such proofs, unless the same were waived by the defendant, there would be a judgment either abating the action or in bar, according to the conditions of the policy.

*Maynard v. Talcott*, 11 Barb., 569, and *Smith v. Holmes*, 19 N. Y., 271, cited by the learned counsel for the respondents, are not in conflict with our views in this case. In both of these cases the facts set out in the complaint show that there was a debt due and payable from the defendant to the plaintiff at the time the complaint was filed and the demurrer put in by the defendant. The ground upon which the demurrers were sought to be sustained in those actions was, that the complaints did not show *that anything was due when the actions were commenced*, not when the complaints were filed. This is a very different question from the one raised by the demurrer in the case at bar. This court, upon demurrer, cannot inquire when the action was in fact commenced; and, if it were necessary to support the complaint, would presume it was commenced at the same time the complaint was made and served. If, therefore, the complaint shows a perfect cause of action in favor of the plaintiff at the time the complaint is filed or served, as it did in both the cases above cited, the demurrer must be overruled. It does not raise the question whether the suit was prematurely commenced. As was said in the case of *Smith v. Holmes, supra*, the proof of service of the summons, by which the action was commenced, is no part of the record of such demurrer, and cannot be looked into for the purpose of the decision of the same. If a defendant seeks to take advantage of the fact that the suit was commenced before the action accrued, when the complaint states a cause of action at the time it is filed or served, he must plead such fact in abatement, and cannot raise that issue upon demurrer. The statement made in 2 Tillinghast & Shearman's Practice, 137, "that the complaint need not show that the debt is due," is not supported by the authorities cited, unless the remark be construed to mean that "it need not show it. due when the action was commenced;" and so construed it is not only supported by the authorities, but is undoubtedly correct law. The complaint in this case fails to show that anything was due from the de-

fendant to the plaintiffs at the time the same was made, filed or served, and the court should have sustained the defendant's demurrer thereto.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.