Jos. M. C. WILSON, Respondent, *vs.* THE BOARD OF EDUCATION OF LEE'S SUMMIT, Appellant.

| 63 | 137 |
| 96 | 110 |
| 32a | 642 |
| 63 | 137 |
| 102 | 322 |
| 63 | 137 |
| 124 | 245 |
| 63 | 137 |
| 166 | 463 |
| 63 | 137 |
| 101a | 2598 |
| 63 | 137 |
| 98a | 1356 |

1. *Practice, civil—Evidence—Demurrer to—Inferences as to evidence to be made by court.*—A demurrer to the evidence admits everything which the testimony conduces to prove, even though only in a slight degree. And in passing on the demurrer, the court will make every inference of *fact* in favor of the party offering the evidence which the evidence warrants, and which the jury might, with any degree of propriety, have inferred.

2. *Evidence, rejection of—Action of trial court is not interfered with, unless.*—The Supreme court will not interfere with the discretion of a trial court in rejecting testimony, unless it appears that the same was both competent and material.

3. *Evidence—Question—Testimony sought—Explanation as to.*—Ordinarily when a question, propounded to a witness and objected to, fails to indicate the precise character of the testimony sought to be elicited, some statement of its scope and nature should be made.

4. *School Board of Lee's Summit—Employment of teacher—Reduction of contract to writing—Minutes of Board.*—Lee's Summit Board of Education directed a sub-committee to employ a certain teacher at a specified salary per month, on satisfactory proof of his qualifications, etc., without any limitation as to time. The teacher was employed for a period of ten months, and this fact reported to the board, and an entry was made on its records showing that he was " considered duly employed by entering into a written contract with the board." Still later, the secretary was ordered to " draw articles of agreement"—without further directions. *Held*, 1st, that presumably the agreement had already been entered into on terms known to the secretary, but that as the contracts of school sub-districts were required to be in writing, the board thought a similar course formal and proper, and gave directions accordingly ; but that such a reduction to writing was not required by law as a condition on which it should take effect ; nor was it a fair intendment to be derived from the action of the board ; 2nd, that inasmuch as neither the fact of the teacher's employment, nor the authority of the committee to employ him for ten months, were to be determined solely by the resolutions, minutes, etc., of the board, an instruction that the resolutions, minutes, etc., showed no such agreement or authority to make one, was improper.

*Appeal from Jackson Circuit Court.*

*F. M. Black*, for Appellant, cited : 42 Mo. 117 ; 1 Par. on Cont., 475 ; 24 N. Y. 40 ; 48 Mo. 201 ; 28 Mo. 322 ; 30 Mo. 118.

*Karnes & Ess*, for Respondent, contended among other points, that while township boards of education could only make con-

tracts in writing for the employment of teachers, boards of education of cities, towns and villages might contract in the same manner as other corporations, and that the action of the sub-committee was authorized by, and binding on the board.

HOUGH, Judge, delivered the opinion of the court.

This was an action against the board of education of the city or town of Lee's Summit, for a breach of contract alleged by the plaintiff to have been made between him and the defendant, for the services of himself and wife as teachers in defendant's schools, for the period of ten months.

The defendant denied that there was any contract between it and the plaintiff for the period of ten months, or for any specified time.

There was testimony on the part of the plaintiff, tending to show that after several interviews between the plaintiff and two members of the board of education, Bayliss and Wilhite, the plaintiff submitted to Wilhite, who was also secretary of the board, a proposal to be laid before it for the employment of himself and wife as teachers, for the period of ten months, at a salary of $100 per month for himself, and $60 per month for his wife.

On the 6th day of July, 1872, Bayliss and Wilhite were appointed a committee with instructions to call upon the plaintiff and his wife and employ them, the one at $100 and the other at $60 per month, if the inquiries to be made by them as to their qualifications should prove satisfactory. In this order of the board, no limit was fixed as to the term of employment. Bayliss and Wilhite executed this order by employing the plaintiff and his wife for the period of ten months, and reported that fact to the board on the 10th of July, when it was entered of record that " they were considered duly employed by entering into a written contract with the board."

At a meeting of the board on the 16th day of August, 1872, at which the plaintiff was present, the secretary was ordered " to draw articles of agreement with Prof. Wilson and School Board."

On August 31st, 1872, it was ordered " that a written contract be entered into with the superintendent and teachers for the

term of eight months, provided that they give satisfaction to the board in the performance of their duties as teachers, and are willing to take warrants in case there is not sufficient cash in the treasury to pay them."

The proceedings of this meeting were not communicated to the plaintiff.

The plaintiff rested, and the defendant asked an instruction in the nature of a demurrer to the evidence, which was refused by the court, and the defendant excepted.

The defendant thereupon introduced testimony tending to show that the committee reported to the board the employment of plaintiff and his wife, but not for any fixed time; that a contract in writing for ten months was then presented and was then rejected by the board; that this was the first time the board formally considered the term of employment; that the two members constituting the committee who employed plaintiff were the only members of the board who wanted a ten months school; that no other members knew that plaintiff claimed to have been employed for ten months until after the school was discontinued, and that the length of the term was never settled until August 31st, 1872. A witness for the defendant, who was a member of the board when the negotiations were pending between plaintiff and defendant, was asked the following questions by defendant's counsel: "What, if any, instructions were given to Bayliss and Wilhite not set out in the record read in evidence?" To which question the plaintiff objected, for the reason that it was not permissible to contradict or add to the written record. The objection was sustained and the defendant excepted.

No contract in writing was ever entered into. The scholastic year began September 2nd, 1872. School was discontinued March 4th, 1873, and plaintiff and his wife were paid up to that date and discharged. There was a verdict and judgment for plaintiff for $320 from which defendant has appealed to this court.

The errors complained of are, the action of the court in overruling the demurrer to the evidence, the rejection of the testimony, and the refusal of the court to give an instruction asked by the defendant which will be mentioned hereafter.

As to the first error ; It was certainly requisite to a recovery by the plaintiff that he should show a contract with the defendant for the period of ten months ; and if the testimony introduced by him had the tendency to show such contract, it was sufficient to support a judgment, and the demurrer was properly overruled.

A demurrer to the evidence admits everything which the testimony conduces to prove, though but in a slight degree. In passing upon the demurrer, the court will make every inference of fact in favor of the party offering the evidence which the evidence warrants, and which the jury might, with any degree of propriety, have inferred.

Now, it appears from the plaintiff's testimony, that he submitted a proposal to the secretary of the board to teach the defendant's school for ten months, at a specified sum per month for himself and his wife. This proposal was communicated to the board. The board thereupon appointed a committee with instructions to employ the plaintiff and his wife at the sum proposed. The committee employed the plaintiff and his wife at the specified sum per month for the period of ten months, and reported their action to the board. It was thereupon entered of record that the plaintiff and his wife were to be considered duly employed upon entering into a written contract; and at a subsequent meeting, the secretary, who was one of the committee, was directed to draw articles of agreement between the plaintiff and the board.

Surely, these facts are sufficient to establish a contract between the plaintiff and the defendant for ten months, unless we assume that the committee were without authority to employ the plaintiff for ten months, and that the action of the board upon the report of the committee was intended to be a ratification of their action, upon the condition that the contract should be reduced to writing. But such an assumption would not be allowable, and it is only fair to infer that the board considered it necessary to the validity of the contract that it should be in writing, as the law required that such contracts made with the directors of the sub-districts should be in writing.

But, under the law applicable to the defendant, the contract was valid and binding without being reduced to writing, and it does not appear to have been a part of the agreement between the plaintiff and the committee representing the board, that such agreement should not conclude the parties and become a binding contract until it was reduced to writing. The simple direction to the secretary on August 16th, to draw articles of agreement between the plaintiff and the board pre-supposes that an agreement had been entered into, the terms of which were known to the secretary, and the only agreement known to the secretary of the board, according to the plaintiff's testimony, was one for ten months. It seems to us fairly inferable from the whole testimony for the plaintiff, that he was employed for ten months, and that the board thought it formal and proper that the contract should be in writing, but did not intend its reduction to writing as a condition upon which only it was to take effect. The demurrer to the evidence was therefore properly overruled.

In considering the second assignment of error, we will premise that when the rejection of testimony is complained of in this court, it must be made evident that the testimony rejected was both competent and material, otherwise we will not interfere with the action of the trial court. Ordinarily, when the question objected to fails to indicate the precise character of the testimony sought to be elicited, some statement is made of its scope and nature, so that the court may form a definite opinion as to whether it is competent and material. In the case at bar, we are only furnished with the question propounded. It is as follows: " What, if any, instructions were given to Bayliss and Wilhite not set out in the record read in evidence?" When were such instructions given? before or after the authority given to employ the plaintiff? and on what point? and by whom? and in what manner? by the board as an organized body, or by the individual members? by resolution or vote, or in conversation simply? It is a mere matter of conjecture whether the answer would have been either competent or material. The question was too general and indefinite, and we think the court committed no error in refusing

to permit it to be answered. The only point on which the testimony could possibly have been material, was as to the term of employment; and the defendant itself introduced the testimony of other witnesses to show that the time for which the plaintiff and his wife were to be employed was never formally considered by the board until after Bayliss and Wilhite reported that they had employed them for ten months.

The remaining exception is to the refusal of defendant's first instruction. It is as follows:

" The jury are instructed that the resolutions, minutes and records of defendant read in evidence, show no agreement on the part of defendant to employ plaintiff and his wife for ten months, nor do they show any authority in the said Wilhite and Bayliss to make a contract with plaintiff for that length of time, regardless of any subsequent action of the board of directors."

In the case of Prim vs. Haven, (27 Mo. 205) Judge Scott said: " The legal effect of papers is to be determined by the court, but when documents are offered in evidence as the foundation of an inference of fact, whether such inferences can be drawn from them is a question for the jury. The most authentic documents, when offered for such a purpose, become no more than mere letters, or a written correspondence, which, when offered in evidence to prove a fact, are always to be interpreted by a jury."

Neither the fact of employment by the board, nor the authority of the committee to employ the plaintiff and his wife for ten months, were to be determined solely by the orders, resolutions and minutes of the board; and it would therefore have been improper to have selected this portion of the testimony and declared it insufficient to support the plaintiff's case. A similar instruction, might, with equal propriety, have been asked with reference to the remainder of the plaintiff's testimony. Evidence may, in this manner, be destroyed in detail, which, when taken as a whole, will be sufficient to support a judgment. We are of opinion that the court committed no error in refusing the instructions. The question as to the existence of a contract between the plaintiff and the defendant for a period of ten months was submitted to the jury, under instructions which were exceedingly

favorable to the defendant, and we will not disturb their finding. The nature of the case and the amount of the verdict render it unnecessary to say anything in regard to the measure of damages.

The judgment will be affirmed ; the other judges concur.