James McNichol, Plaintiff in Error, *v.* Pacific Express Company, Defendant in Error.

June 20, 1882.

1. In a suit against a common carrier upon a special contract to collect the price before delivering the goods the consignor need not prove a compliance with the conditions contained in the bill of lading.
2. Courts will not take judicial notice of the meaning of commercial abbreviations; such questions are for the jury.

Appeal from the St. Louis Circuit Court, Adams, J. *Reversed and remanded.*

G. M. Stewart and Paul Bakewell, for the plaintiff in error : A clause in a receipt given by a common carrier for

goods, exempting the common carrier from loss or damage, unless the claim therefor be made in writing within a certain specified time, is not in the nature of a condition precedent to the right to recovery, which must be shown affirmatively to have been complied with before the action can be maintained. — *Westcott* v. *Fargo*, 61 N. Y. 551; *Place* v. *Union Express Co.*, 2 Hilt. 19. These authorities are in accordance with the long line of established authorities, and the authority of the courts of this state, which hold that in an action of tort against a common carrier for breach of duty as such common carrier, it is sufficient to state that he is a common carrier, and that the goods were delivered to him, and their loss. The burden of proving a special contract is then thrown upon defendant. — *Clark* v. *St. Louis, etc., R. Co.*, 64 Mo. 441; *Oxley* v. *St. Louis, etc., R. Co.*, 65 Mo. 629; *Reed* v. *St. Louis, etc., R. Co.*, 60 Mo. 206; Lawson on Car., sect. 254.

B. D. Lee, for the defendant in error: The appellant contends that he was not obliged to show, as a condition precedent to his right to recover, that he had complied with all of the conditions of the contract between the parties, and that that was a matter of defence. If our statute (sect. 3551) means anything, — if it is applicable to this case, — then plaintiff was bound to prove the performance of this condition; and if the statute is not applicable, then plaintiff is where he was at common law, and bound to prove this condition precedent. — Bliss on Code Pl. 301, 302; *Jaccard* v. *Anderson*, 3 Mo. 188; *Pier* v. *Heinrichoffen*, 52 Mo. 333; *Eyerman* v. *Mt. Sinai Assn.*, 61 Mo. 489.

Thompson, J., delivered the opinion of the court.

This action was originally brought before a justice of the peace. The plaintiff's statement of his cause of action was as follows: —

" Plaintiff (James McNichol) states that defendant (the

Pacific Express Company) is a corporation, duly created and existing by law, and a carrier of freight for hire between St. Louis, Missouri, and Denver, Colorado. Plaintiff states that on or about the 26th of June, 1880, he delivered to defendant for carriage, and it undertook to carry for hire to Denver, Colorado, two pairs of pantaloons and coat and one vest, of the value of seventy-five ($75) dollars, properly enclosed and directed, and to be delivered to one J. H. Kinslow, of Denver; and at or about said date, and before said goods reached Denver, plaintiff directed defendant to deliver said goods to said Kinslow, only on payment of said sum of seventy-five ($75) dollars, which it then and there undertook and agreed to do. But plaintiff says that, notwithstanding its undertaking and duty in this behalf, the defendant did deliver said goods to the said Kinslow without the payment of said money, or has converted said goods to its own use, and which the plaintiff does not know and cannot positively aver, and now refuses to pay plaintiff the value of the same, or any part thereof, although the same has been demanded. Wherefore, plaintiff asks judgment for said sum of seventy-five ($75) dollars, and for his costs."

At the trial the plaintiff introduced evidence tending to prove that on June 26, 1880, he delivered to the defendant's agent at the defendant's office in St. Louis, the package described in the above statement, addressed to J. H. Kinslow, Denver, Colorado, and that he took a receipt therefor. This receipt the plaintiff put in evidence. It contained a special contract, providing, among other things, as follows: "And it is further agreed that the said Pacific Express Company shall not be held liable for any claim, of whatever nature, arising from this contract, unless such claim shall be presented in writing, within sixty days from date thereof."

The plaintiff also introduced evidence tending to show that on the morning of the 28th of June, 1880, at about

nine o'clock, a telegram was sent from a branch office of the American Union Telegraph Company at St. Louis, written and signed by the defendant's agent at St. Louis, directed to the defendant's agent at Denver, Colorado, instructing him not to deliver the package to Kinslow until paid for. There was no evidence that this message was delivered to the defendant's agent at Denver. A copy of it was offered in evidence and excluded by the court. This ruling is not, and could not, be complained of. The plaintiff also offered in evidence a letter from the agent of the express company at Denver, to the agent of the Pacific Express Company at St. Louis, dated July 9, 1880, which letter is as follows : —

" OFFICE OF THE KANSAS PACIFIC R. R. CO. EXPRESS, }
             DENVER, COL., July 9, 1880.    }

*Agent Pacific Express Co., St. Louis: —*

"On the 26th June, 1880, you billed to this office a C. O. D. $75, from J. H. McNichol, No. 600 Olive Street, on J. H. Kinslow, Denver. This C. O. D. remains in our office unpaid.

" The parties are aware of its being here and awaiting payment of the bill. What shall we do with it ?

" Remarks : Instructions, please.

                          Yours, etc.,
                                  TEMPLE, Ag't.

" ST. LOUIS, July 14, 1880.
                          " Yours,
                                  "J. H. JONES, Agent.
                                          L."

The plaintiff further introduced evidence to show, that after the 26th of June, 1880, and prior to the institution of this suit, demand had been made of defendant by plaintiff for the property in question or its value. And thereupon, at the instance of the defendant, the court instructed the

jury that under the evidence the plaintiff was not entitled to recover.

This record presents two questions: 1. Whether the burden was upon the plaintiff of showing compliance on his part with the terms of the special contract which he put in evidence, making it incumbent on him to present a claim to the defendant in writing within sixty days from the date of the contract in order to hold the defendant liable for a breach thereof. 2. Whether there was sufficient evidence to take the case to the jury. Both of these questions, we think, must be answered in favor of the plaintiff.

1. The first point raises a question with reference to the burden of proof. The rule, as we understand it, is, that where a person brings an action against a common carrier, sounding in tort, for a breach of the common-law liability of the latter in failing to deliver goods placed in his hands for shipment, and the carrier pleads and puts in evidence a special contract containing conditions to be performed by the plaintiff, the burden is upon the carrier of showing the non-performance of these conditions, for that is a part of his special defence. But where the plaintiff sues the carrier upon a special contract, and not upon his common-law liability, then, as in other cases of actions upon express contracts, the burden is upon the plaintiff to prove compliance with all the obligations which the contract imposes upon him. *Eyerman* v. *Cemetery Assn.*, 61 Mo. 480. In this case the suit is clearly, not upon the carrier's common-law duty to deliver the goods safely, but is upon a special contract, which the plaintiff has set out, with the common carrier, before delivering the goods, to collect a sum of money of the consignee. So far as we know, there is no common-law duty upon the carrier to act as collecting agent of a shipper. The law does not attach any peculiar liability to such an office when the carrier assumes it, such as it attaches to his ordinary office of public carrier. When he undertakes such a duty his liability is

the same as that of a bank, attorney at law, or any other collecting agent, and it arises upon the special contract by which he undertakes the duty, and not upon the ancient custom which is the foundation of his peculiar liability as carrier. When, therefore, he is sued for a breach of an undertaking as collecting agent, he is sued upon a contract, and not in tort, and that seems to be this case. The undertaking of June 28, 1880, is, we think, to be regarded as the contract here sued on, and the undertaking of June 26th may be regarded as matter of inducement. The plaintiff is not suing for a non-delivery of the package, contrary to the undertaking of June 26th, but for its improper delivery, contrary to the undertaking of June 28th. It seems to follow that the special contract of June 26th, which the plaintiff put in evidence, was not the contract sued on, though it was material evidence to prove the fact and date of the delivery of the package to the defendant, and its destination. It does not, therefore, seem that, because the plaintiff may have been compelled to put this agreement in evidence for the purpose of proving the facts named, the burden was cast upon him of showing, as a condition precedent to his right to recover upon another contract, that he had complied with the special condition in *this* contract which we have quoted.

2. We also think that the plaintiff made out a *prima facie* case, which entitled him to have it passed upon by the jury. Leaving out of view the oral evidence as to the telegram which was sent, the letter of July 9th seems to us to imply that at that date the package with a bill, called in the abbreviation employed by express companies a " bill C. O. D.," was in the hands of the defendant's agent at Denver at that date. The evidence clearly shows that the package was sent on June 26th, and that a bill C. O. D. was sent on June 28th, the date on which the telegraphic dispatch was sent. It is argued for the defendant that the expression in this letter, "a C. O. D.," refers to the bill which was sent

on June 28th, and not to the package which was sent on June 26th. We do not think so; but we do not know that the meaning of the abbreviation "C. O. D." as used by expressmen, is sufficiently a matter of common knowledge that the circuit court could take judicial notice of it; but it would be for the jury to say whether it referred to the package, or to the bill, or to both, and whether this letter was an admission of the fact that both the package and the bill were in the hands of the defendant's agent at Denver, on the 9th of July. This question the court could not undertake to decide for the jury. Ordinarily, the construction of written instruments is for the court and not for the jury; but where a writing contains technical (other than legal) terms, mercantile abbreviations or phrases, or obscure expressions, the meaning of such terms or expressions is to be ascertained by the jury. *Fagin* v. *Connoly*, 25 Mo. 94; *Edwards* v. *Smith*, 63 Mo. 119, 127. Moreover, where the writing is not a dispositive instrument, but is put in evidence merely to show an extrinsic fact, it will be for the jury to say what inference of fact is to be drawn from it. *Primm* v. *Haren*, 27 Mo. 205, 211; *Wilson* v. *Board of Education*, 63 Mo. 137, 142. A demurrer to the evidence admits everything which the evidence conduces to prove, though only in a slight degree. *Ibid.* In considering the propriety of the instruction which took this case from the jury, it is sufficient for us to say that this letter afforded some evidence from which the jury might have inferred that the defendant's agent at Denver had received the instructions not to deliver the package without collecting the $75 from the consignee, before it had been in fact delivered. We presume, however, that the ground on which the learned judge granted the instruction was the more debatable ground, which we first considered.

The judgment is reversed and the cause remanded. All the judges concur.