GLENN & SONS *v.* SOUTHERN EXPRESS CO.

(*Jackson.* May 5th, 1888.)

1. COMMON CARRIERS. *Express companies. Notice of loss.*

A stipulation that an express company shall not be liable for money lost by its default, unless claim therefor is made in writing, at its office, within thirty days after its delivery to the company, is reasonable and valid.

(See S. C., 16 Lea, 472.)

2. SAME. *Same. Same. Excuse for failure to make claim in time.*

But where the failure to make the claim as required by such stipulation occurs without fault or negligence of the parties entitled to the money, then such failure will be excused, and will not prevent a recovery for the loss.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

Suit by Glenn & Sons to recover of the Southern Express Company a sum of money alleged to have been extracted from an express package sent by T. H. Bell, of Rutherford, Tenn., to plaintiffs, at Cincinnati, Ohio. The package, when delivered to defendant, was supposed to contain $856.70, but, when received by plaintiffs, it contained only

$656.70. The receipt given by defendant for this package contained this stipulation : that the company should not be liable for any loss of its contents unless the claim therefor should be made in writing, at its office, within thirty days from date of the receipt. No claim was actually made for six or seven months.

Plaintiffs recovered judgment, which was reversed on appeal to this Court for error of law, by an opinion reported in 16 Lea, 472, and the case remanded.

On the second trial judgment went in favor of defendant. Plaintiffs appealed.

On this trial plaintiffs offered evidence tending to show that their failure to make claim at defendant's office, in writing, within thirty days, was without fault or negligence on their part.

POSTON & POSTON for Glenn & Sons.

GILLHAM & MILLER for Express Company.

TURNEY, C. J. In the receipt of the company for the money package is the clause, " In no event is this company to be liable for a greater sum than the above mentioned; nor shall it be liable for any such loss unless the claim therefor shall be made in writing at this office within thirty days from this date," etc. The shipment was to have been made from Rutherford, Tennessee, to the plaintiffs in Cincinnati, and could have been

made and heard from in a very short time, therefore the stipulation is a reasonable one, and, with nothing explaining a non-compliance with its requirements, should be enforced. If, however, a sufficient legal excuse be shown for the failure of a strict compliance—if, for example, the plaintiffs had shown that, without fault or blame on their part, they did not discover that the amount sued for and claimed to have been extracted from the package had been inclosed therein and delivered to the company, and there was no material fact connected with the delivery to them of the remainder of remittance calculated to give them notice, or put them on inquiry, and that within a reasonable time after the discovery of the shortage the notice provided for was given—this would, in legal contemplation, be a compliance with the stipulation.

The Court charged the jury: "Plaintiffs should have at once, and within thirty days from date of shipment, notified the express company of the shortage; and if plaintiffs failed to do so this was such negligence, should you find by the receipt and contract of shipment in this instance it is provided that the express company should not be liable for loss of the money intrusted to it for transportation to the plaintiffs unless the claim therefor should be made in writing at the office of shipment within thirty days from date of such receipt. * * * * The Court charges you that was a reasonable condition, and you will find for the defendants."

Glenn & Sons *v.* Southern Express Co.

This is error. The plaintiffs had introduced evidence tending to excuse them for their delay in making claim of the company for the shortage; also that claim was made as soon after discovery as was reasonably possible, and that the delay of discovery was not chargeable to their neglect or fault. The charge of the Court means that the stipulation is imperative and limited to its letter. This construction, of course, withdrew from the jury the proof alluded to heretofore, and upon which the plaintiffs had the right to have the jury pass under a proper charge.

Reversed and remanded.