TELEGRAPH CO. *v.* MELLON.

(*Nashville.*    January 12, 1898.)

1. SUPREME COURT.   *Will not reverse for immaterial error.*

   This Court will not reverse for error of the trial Judge in sus-
   taining demurrer to a plea where the undisputed facts, as
   found on the trial, show that the plea was false.   (*Post, pp.
   430–432.*)

   Cases cited: Telegraph Co. *v.* Mellon, 96 Tenn., 66; Glenn *v.* Ex-
   press Co., 86 Tenn., 594.

2. TELEGRAPH COMPANIES.   *Engaged in interstate commerce liable
   for negligence.*

   A telegraph company is not protected against the consequences
   of its negligence in failing to deliver a message, by reason of
   the fact that it is an instrumentality of and engaged in inter-
   state commerce.   (*Post, pp. 432–435.*)

   Cases cited: 96 U. S., 1; 105 U. S., 466; 127 U. S., 411; 132 U. S.,
   472; 118 U. S., 462; 123 U. S., 623; 38 Fed. Rep., 552; 122 U. S.,
   347.

FROM   MONTGOMERY.

Appeal in error from Circuit Court of Montgom-
ery County.   A. H. MUNFORD, J.

L. R. CAMPBELL for Telegraph Co.

LEECH & SAVAGE for Mellon.

BEARD, J.   This is an action brought by John
Mellon against the plaintiff in error, to recover dam-

ages resulting from the alleged negligence of the company in failing to deliver a telegram sent from Duncanville, Texas, to Frank Hamlet, at Clarksville, Tennessee, conveying intelligence that his son was very sick, and asking him to come, if possible. This is the third time the case has been before this Court, each time with a verdict in favor of the plaintiff below. On both occasions heretofore the judgment has been reversed because, in view of all the facts, the verdicts were thought excessive. The verdict on which the present judgment rests, at least so nearly approximates what we think is reasonable, that we are satisfied to approve it, unless it be that some error is found in the action of the trial Judge.

In this cause, at the December term, 1895, of this Court, a written opinion was delivered, which disposed of the various contentions there made by the respective parties. This will be found reported in 96 Tenn.; 66. We refer to that opinion as settling most of the questions of law made by plaintiff in error on the present trial, and, being entirely satisfied with the conclusions there announced, without restating or rearguing the points. then considered, we reaffirm them, and now content ourselves with a brief reference to one or two matters not then explicitly settled.

The telegraph company now assigns for error that the Circuit Judge improperly sustained a demurrer to its third plea. In that plea it was averred that Mellon "did not present his claim in writing within

sixty days after said message was filed . . . for transmission, although plaintiff, if said message was not sooner delivered to him, did receive notice, on or about July 26, 1893, that said message had been filed for transmission . . . July 16, 1893," etc. This plea was demurred to upon the ground that the plaintiff, Mellon, did not sustain contractual relations with the telegraph company, and therefore was not bound by that stipulation. Conceding to plaintiff in error that the trial Judge improperly sustained this demurrer, yet it is evident that this was an immaterial error, from which no injury resulted to the company. Evidence was introduced by both parties as to the date of the transmission of the telegram from Texas, and it is uncontradicted that after persistent demand upon the operator of the company, a message purporting to be a copy of the one intended to carry intelligence to Mellon of the illness of his son, was supplied to him on August 26, 1893, but which was, in point of fact, not a copy, inasmuch as this read, "Tell John Morrison, Maxey is very sick," instead as did the original, "Tell John Mellon," etc. It is apparent, if the original telegram was as this copy represented, and if it was thus prepared by its sender, then it was so misleading that no action could be maintained by Mellon or anyone else for its nondelivery. The negligence of the sender, would have precluded, necessarily, all right of recovery. But the misleading fault was that of the operator of this company at the point of delivery, and was

only one more of the acts of negligence which had characterized his conduct in this matter. The telegram which was sent was never shown to Mellon, and yet on September 21, 1893, he instituted this suit. Within the principle announced in *Glenn & Son* v. *Southern Express Co.*, 86 Tenn., 594, approved in *Telegraph Co.* v. *Mellon*, *supra*, and upon these facts, this action was begun in time, and the error of the trial Judge, if such, was immaterial.

It is also assigned for error that the trial Judge declined to permit the defendant below to file certain pleas, in which it was averred that it was a telegraph company, organized as a corporation and doing business under the laws of New York, and that, in 1867, it had filed with the Postmaster General of the United States its written acceptance of all the restrictions and obligations imposed by the Act of Congress of July 24, 1866, in regard to such companies; and that the message sent from Texas to Clarksville, for the nondelivery of which, and its resulting injuries to plaintiff, this suit was brought, was an act of interstate commerce, and that in so far as the statutes of the State, relied upon by plaintiff, undertook to impose a duty upon the company with regard to this telegram, they were unconstitutional and void. The same idea, expressed in their rejected pleas, was embodied in certain special requests, which, when asked to give in charge to the jury, the trial Judge declined, and his action in this regard is also complained of as error.

There is 'no doubt that the telegraph has become and is recognized by the Courts as a very valuable medium for the carrying on of interstate commerce. So important is it in this respect, and especially in view of the Act of Congress just referred to, the Supreme Court of the United States has been extremely watchful in seeing that no unnecessary burdens were placed upon telegraph companies, either in the extension of their lines within the territorial limits of the several States, or in the transmission of messages that pass from one State into another. A number of cases, of mature consideration, illustrating this watchfulness, are referred to, without stating specifically the issue presented by them: *Pensacola Tel. Co.* v. *West. Union*, 96 U. S., 1; *Western Union* v. *Texas*, 105 U. S., 466; *Rutterman* v. *Western Union*, 127 U. S., 411; *West. Union Tel. Co.* v. *State Board*, 132 U. S., 472. But we discover nothing in this cause, or in any rule of law invoked by the plaintiff, or applied by the Circuit Judge, which is in conflict with those cases, or that to the slightest degree interferes with or places a burden upon interstate commerce.

While it is true that this telegraph company does enjoy superior privileges under this Act of Congress, and discharges most important duties at times as a federal agent, as well as in the conduct of commerce between the States, yet it "is not beyond the operation of the laws of the State" in which it resides

16 P—28

and carries on business, "and it is only where these laws operate to impede" such companies as the present plaintiff in error, "in the exercise of these federal privileges or duties, and transcend the power which each State possesses over its purely domestic affairs, whether of police or internal commerce, that they invade the national jurisdiction." *Western · Union* v. *Mayer, etc.*, 38 Fed. Rep., 552; *Munn* v. *Kansas*, 123 U. S., 623; *Morgan* v. *Louisiana*, 118 U. S., 462.

The statutes called in question by these pleas and requests, unlike the law held to be unconstitutional in the case of *Western Union* v. *Pendleton*, 122 U. S., 347, were not intended to have any extraterritorial effect. In addition, the duty of diligence, for the breach of which the present suit was brought, was a common law duty, and might be enforced independent of all statutory provision. When it was once determined, as was done in our former opinion, that the defendant in error was a "party aggrieved" by the nondelivery of this telegram, it followed that he had a right to seek the Court for a redress of his grievance against this company, growing out of its breach of duty as a bailee. In such case the doctrine of interstate commerce can no more be invoked for the protection of plaintiff in error, than it could by a common carrier engaged in such commerce, who brought perishable goods from New Orleans into this State, and negligently permitted them, without notice to the consignee,

Telegraph Co. *v.* Mellon.

to decay while in his possession, when called upon to respond in damages for this neglect.

It follows that the assignments of error are not well taken, and the judgment of the lower Court is affirmed.