## THE WESTMINSTER.

### (District Court, E. D. Pennsylvania. May 26, 1902.)

### No. 32.

**1. SHIPPING—ACTION FOR DAMAGE TO CARGO—BURDEN OF PROOF.**

   A ship defending against a claim for damage to cargo in shipment, under a clause in the bill of lading exempting it from liability "for any claim, notice of which is not given before the removal of the goods," has the burden of proving that the notice was not given, to bring itself within the exception; but, when it has produced sufficient testimony to justify the inference that no claim was made, it is incumbent on the libelant to rebut such inference by evidence, since, if the claim was made, it is within libelant's power to prove the fact.

On rehearing. For former opinion, see 102 Fed. 366.

J. B. McPHERSON, District Judge. A decree in this case was entered on June 15, 1900, dismissing the libel: 102 Fed. 366. The decree was afterwards stricken off in order that further testimony might be taken upon the question whether notice of the claim for damage had been given to the respondent before removal of the goods, and for no other purpose. Three witnesses have since been examined on behalf of the respondent, and the matter comes before the court for rehearing. I agree with the libelant's position that the burden of proof is upon the carrier to establish the fact that no notice of claim for damage was given by the shipper. The carrier is defending under an exception in the bill of lading, and the burden of proof is upon him to prove satisfactorily that the facts exist which bring the exception into operation. But I do not agree with the contention that the respondent has failed to make such proof in the present case. On the contrary, I think that the affirmative testimony now before the court fully justifies the inference that no such claim was made; and this testimony is strengthened by the consideration that the libelant has offered no evidence upon the subject. If the claim had been made, it was surely within the power of the libelant to prove that fact; and, while I repeat that the libelant was not bound to offer such proof in the first instance, the obligation to offer it arose after the carrier had produced sufficient testimony to justify the inference that the claim had not been made. I therefore find, as a fact, that no claim was made by the libelant, or by the shipper, for the damage done to the bales of jute before they were removed from the dock. Accordingly, following the decision of the circuit court of appeals in The St. Hubert, 46 C. C. A. 603, 107 Fed. 727, a decree may be entered dismissing the libel, and directing that the respondent recover costs from the libelant.