SOUTHERN RAILWAY CO. *v.* ADAMS *et al.*, executors.

When in a written contract between a consignor and a transportation company it was stipulated that, as a condition precedent to.the right of the owner and shipper to recover damages for loss or injury to live stock shipped under such contract, "he will give notice in writing of his claim therefor to the agent of the railroad companies actually delivering said stock to him, .. . before said stock is removed from the place of destination, . . and before said stock is intermingled with other stock," the owner or consignor is not entitled to recover unless it be shown that such notice was given according to the terms of the contract.  Such an agreement is reasonable.

Submitted May 1, — Decided June 10, 1902.

Action for damages.   Before Judge Russell.   Franklin superior court.   July 11, 1901.

*A. G. & J. B. McCurry*, for plaintiff in error.

LITTLE, J.   Adams instituted an action against the Southern Railway Company, to recover damages in the sum of $80, which he alleged he had sustained in the shipment of a car-load of cattle from Lavonia, Georgia, to Norfolk, Virginia.   He claimed that he was injured by the negligence of the company in causing unreasonable delay in the transportation of said cattle, on account of which they had deteriorated in value.   Attached to his petition was a written contract into which the parties entered at the time the shipment was made.   This contract is in the usual form of contracts for the transportation of live stock by railroad companies. It was signed both by the company, and by Adams, the plaintiff, and recited that the cattle which were received at Lavonia were to be shipped to the freight station at Norfolk, Virginia, ready to be delivered to the consignee or his order.   It also contained a stipulation hereafter set out and discussed.   The defendant denied liability, and at the trial the plaintiff testified, in part, to the follow-

ing effect: He went on the train with the cattle; they were watered and fed at Spencer, North Carolina; at Greensboro they were side-tracked and remained five hours; they were further delayed an hour or more at Pinner's Point opposite Norfolk. They were in bad condition when they arrived at Norfolk; they were off in flesh, and the witness considered that they were damaged three dollars per head. They were not weighed on delivery, but were put in the lot of the consignee with other cattle and sold. He thought they brought less per pound on account of their bad condition, and in this way they were damaged three dollars per head. No excep- tions to the cattle were made by the witness or consignee when they were delivered and sold. No notice was given of any claim or damage at the point of destination, or elsewhere, or before they were intermingled with other cattle. The damage was occasioned by reason of side-tracking the cattle at Greensboro and Pinner's Point and at Norfolk, by reason of the fact that the cattle had had no food or water, and being empty, looked bad, which caused a loss in sales. Other evidence, to which reference need not be made, was introduced. The jury returned a verdict for the plaintiff for fifty dollars. The defendant made a motion for a new trial, on the grounds that the verdict was contrary to the evidence, and without evidence to support it, against the weight of the evidence, and con-trary to law. By an amendment other grounds, assigning error on the failure of the judge to instruct the jury in certain particulars, were added. In certifying to the amended grounds, the trial judge in a note states that no special reference was made to any partic-ular piece of the testimony of either the plaintiff or defendant in his charge, nor was any request for the same made, but the gen-eral contentions of both parties were fully submitted to the jury with instructions as to the law applicable thereto. He overruled the motion for a new trial, and in his order so doing he states that the jury were instructed generally that the question of negligence was for them to determine as to its existence or non-existence, and were fully charged upon that subject; that it was not the duty of the judge, in the absence of a request, to elaborate or magnify any particular feature of the testimony, more especially, as in this case, where the sections of the contract referred to in the 4th and 5th grounds of the amended motion, in the opinion of the judge, were unreasonable and contrary to sound public policy; that the

evidence in the case was conflicting, and it was the right of the jury to say whom they would prefer to believe.

The contract of shipment contained this stipulation: "It is further agreed that, as a condition precedent to the right of the owner to recover any damages for any loss or injury to said live stock, he will give notice in writing of his claim therefor to the agent of the railroad companies actually delivering said stock to him, . . before said stock is removed from the place of destination, . . and before said stock is intermingled with other stock." By the terms of this contract no recovery can be had in the absence of the notice contracted for; and yet, confessedly, the cattle were received at the place of destination by the consignee or the owner who accompanied them, and no notice of a claim for damages was given to the agent of the company at the place of destination; and more than that, having been received, they were at once, according to the testimony of the owner, intermingled with other stock and sold. It is suggested by the trial judge in his order overruling the motion for a new trial that these stipulations were, in his opinion, unreasonable and contrary to sound public policy. Mr. Hutchinson in his work on Carriers states as the law this rule: "As the carrier may limit the amount beyond which he is not to be held liable unless a greater value be declared at the time of the delivery for carriage, so it has been held that he may limit the time within which claim shall be made upon him by the owner of the goods in case of their loss, provided the limitation is reasonable," for which he cites Southern Express Co. v. Glenn, 16 Lea, 472; Glenn v. Express Co., 86 Tenn. 594; Sprague v. Ry. Co., 34 Kansas 347; Southern Ex. Co. v. Hunnicutt, 54 Miss. 566. In the case of Sprague v. Ry. Co., so cited, it was ruled as follows: "In an agreement between a railway company and a shipper, for the transportation of horses over the railway, there was a stipulation which provided that, as a condition precedent to his right to recover damages for any loss or injury to the horses while in transit, the shipper would give notice of his claim therefor to some officer of the said railway company, or its nearest station agent, before the horses were removed from the place of destination, or from the place of delivery to the shipper, and before such horses were mingled with other stock: *Held*, that the agreement was reasonable, and, when fairly made, is binding upon the parties thereto." In the case of Express Co. v. Caldwell, 21

Wall. 264, Mr. Justice Strong, in discussing this subject in his opinion delivered in that case, said: " The stipulation is not a conventional limitation of the right of the carrier's employer to sue. He is left at liberty to sue at any time within the period fixed by the statute of limitations.   He is only required to make his claim within ninety days, in season to enable the carrier to ascertain what the facts are, and having made his claim, he may delay his suit. It may also be remarked that the contract is not a stipulation for exemption from responsibility for the defendants' negligence, or for that of their servants.   It is freely conceded that, had it been such, it would have been against the policy of the law, and inoperative. . . A common carrier is always responsible for his negligence, no matter what his stipulations may be.   But an agreement that, in case of failure by the carrier to deliver the goods, a claim shall be made by the bailor, or by the consignee, within a specified period, if that period be a reasonable one, is altogether of a different character. It contravenes no public policy.   It excuses no negligence.   It is perfectly consistent with holding the carrier to the fullest measure of good faith, of diligence, and of capacity, which the strictest rules of the common law ever required."   In the case of *Central Railroad Co.* v. *Hasselkus*, 91 *Ga.* 382, it was ruled that " A stipulation in a bill of lading which exempts the carrier from liability unless notice is given within a specified time is one of the matters forbidden by [the Civil Code, § 2276], and is not effectual without proof of assent thereto by the shipper."   In the present case the stipulations referred to were not only assented to by the shipper, but were contained in an express written contract; and we know of no legal reason why the shipper is not bound thereby.

It can, we think, readily be seen that a stipulation making it a condition precedent, in a case where live stock is shipped, that the owner or consignee shall, when such live stock reaches the place of its destination, give notice to the agent of the company of a claim for damages before the stock is carried from such a place, and before the animals are intermingled with others, is reasonable; for if such stock has become depreciated by delay in transportation or want of proper attention on the part of the transportation company, such fact can be more readily ascertained at that time than afterwards, and it affords to the carrier an opportunity of protecting itself from an unauthorized claim.   So, likewise, the stipulation

that this notice shall be given before the stock is intermingled with others serves the purpose of identifying the stock which were actually shipped. It would seem, then, that such a stipulation prejudices no right of the owner or consignor, and at the same time protects the transportation company; and following the authorities above cited, we must not only rule that the carrier could lawfully make a contract containing a stipulation of this character, but that the stipulation is a reasonable one. We therefore rule that the court erred in overruling the motion for a new trial, on the ground that the verdict was not supported by the evidence.

*Judgment reversed. All the Justices concurring, except Lewis, J.. absent.*