(108 N. W. 788.)

---

LEU v. COMMERCIAL MUTUAL FIRE INSURANCE COMPANY.

Opinion filed February 26, 1906.

**Insurance Policy — Stipulation for Appraisal — Ousting Jurisdiction of Courts.**

1. A stipulation in a fire insurance policy to the effect that in case of loss the insurer should be liable only for such an amount as should be determined by agreement of the parties or by appraisers to be selected in a specified manner, and making such determination a condition precedent to an action by the insured to recover, is a valid agreement, and does not violate the rule expressed by section 3925, Rev. Codes 1899.

**Same — Pleading — Must Allege Appraisal Specifically.**

2. In an action to recover on a policy containing the stipulation set forth in the foregoing syllabus, the complaint is insufficient if it does not allege that the amount of loss has been determined by agreement or appraisement or show that these provisions had been waived, or otherwise rendered inoperative.

**Same.**

3. Although the determination of the amount of loss by agreement or arbitration is a condition precedent to the plaintiff's right of action it is not such a condition precedent as may be sufficiently alleged in the general form provided in section 5286, Rev. Codes 1899.

Appeal from District Court, Wells county; *Glaspell, J.*

Action by L. A. Leu against the Commercial Mutual Fire Insurance Company of North Dakota. Judgment for plaintiff, and defendant appeals.

Reversed.

*Geo. A. Bangs,* for appellant.

A contract that does not exclude wholly the determination of disputes by the ordinary legal tribunals but merely qualifies it by reasonable modes of arbitration is not invalid under section 3925, Rev. Codes 1899. Butler v. Tucker, 24 Wend. 447; Smith v. Brady, 17 N. Y. 173; Delaware & Hudson Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250; Holmes v. Richet, 56 Cal. 307; Denver & New Orleans Const. Co. v. Stout, 5 Pac. 627; Haley v. Bellamy, 137 Mass. 357; Thorndyke v. Wells Memorial Ass'n, 16 N. E. 747; Weggner v. Greenstine, 72 N. W. 170; Hudson et al. v. McCartney, 33 Wis. 331; Hood v. Hartshorn, 100 Mass. 117; Old Saucelito Land & Dry Dock Co. v. Commercial Union Assur. Co., 5 Pac. 232; Chippewa Lumber Co. v. Phenix Ins. Co., 44 N. W. 1055; Gasser v. Sun Fire Office, 44 N. W. 252; Adams v. South British and Nat. F .& M. Ins. Co., 11 Pac. 627; Cal. Ann. Con. of M. E. Church v. Seitz, 15 Pac. 839.

Ascertainment of loss by agreement, or the stipulated mode of appraisal, is such a condition precedent as must be alleged. Myers v. Pac. Const. Co., 27 Pac. 584; Weeks v. O'Brien, 36 N. E. 185; Company v. Company, 57 S. W. 506; Barney v. Giles, 11 N. E. 206; Michaelis v. Wolff, 26 N. E. 384; Cox v. McLaughlin, 63 Cal. 196; Tally v. Parsons, 63 Pac. 833; Gray v. La Societe, F. De B. M., 63 Pac. 848; New Tel. Co. v. Foley, 53 N. E. 56; Smith v. Company, 36 N. H. 458; Dinsmore v. Livingston County, 60 Mo. 241; approved in Williams v. Co., 20 S. W. 631; Boden v. Maher, 69 N. W. 980; Holmes v. Richet, 56 Cal. 307; Loup v. California Southern R. R. Co., 63 Cal. 97.

The rule of section 5286, Rev. Codes 1899, as to pleading conditions precedent, does not relieve from pleading such conditions required of a third person, of which performance is not required of plaintiff alone. Butler v. Tucker, supra; Johnson v. Howard, 20 Minn. 370; New. Tel. Co. v. Foley, supra; Rhoda v. Alameda County, 52 Cal. 350; People ex rel Hastings v. Jackson et al., 24 Cal. 623; Redington v. Chase, 34 Cal. 666; Kinkead v. Schreve, 17 Cal. 275; Doyle v. Phoenix Ins. Co., 44 Cal. 264.

*J. J. Youngblood,* for respondent.

A policy prepared and signed by the insurer and not by the insured is strictly construed against the former and liberally as

against the insured. Robson et al. v. United Order of Foresters, 100 N. W. 381; Queen Ins. Co. of America v. Excelsior Milling Co., 76 Pac. 423; Traders Mut. Life Ins. Co. v. Humphery, 69 N. E. 875.

The complaint is sufficient under code pleading. Kahnweiler et al. v. Phoenix Ins. Co. of Brooklyn, 67 Fed. 483; Sun Mutual Ins. Co. v. Chrest, 39 S. W. 837; Grand Rapids Fire Ins. Co. v. Flin, 54 N. E. 545; Davis v. Atlas Assurance Co., 47 Pac. 437.

ENGERUD, J. Action to recover $500 on a fire insurance policy upon a stock of merchandise. Defendant demurred to the complaint on the ground that it did not state facts sufficient to disclose a cause of action. The demurrer was overruled, and defendant appealed from the order.

The complaint alleges the execution and delivery of the policy, a copy of which is made part of the pleading; and after averring that the property insured was destroyed by fire and that the loss exceeded $500, the pleader alleges: "(6) That on or about Nov. 19, 1904, plaintiff gave defendant notice of loss, and also furnished and gave defendant due proof of said loss and otherwise performed all duties and conditions upon plaintiff's part as contained in said policy and as provided in said policy and by law provided; (7) That defendant has not paid said loss, nor any part thereof, but that the same is still due and owing from defendant to plaintiff according to the provisions of said policy hereto attached, and by reason of the loss by fire as herein shown, and the nonpayment of the loss by defendant. Wherefore plaintiff prays for judgment for the sum of $500," etc. The provisions of the policy so far as material to the issues now involved are as follows: The defendant insured the property described against loss or damage by fire, subject to the conditions stated in the policy to the extent of $500; and further stipulated that: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall, in no event, exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for

which this company is liable pursuant to this policy shall be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described. * * * In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire. This company shall not be held to have waived any provision of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until 60 days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by the committee. Certain proceedings are provided to obtain the decision of arbitrators, and there is this express stipulation, that 'the obtaining the decision of such arbitrators on the matters and claims in dispute, is hereby declared to be a condition precedent to the right of any members to maintain any such action or suit.' That the meaning of the parties therefore was, that the sum to be recovered should be only such a sum as, if not agreed upon in the first instance between the committee and the suffering member should be decided by arbitration, and that the sum so ascertained by arbitration, and no other, should be the sum to be recovered, appears to me to be clear beyond all possibility of controversy. * * * It appears to me perfectly clear, that the language used indicates this to have been their intention, that, supposing there

was a difference between the person who had suffered loss or damage and the committee as to what amount he should recover, that was to be ascertained in a particular mode, and until that mode had been adopted, and the amount ascertained according to that mode, no right of action should exist. In other words, that the right of action should be, not for what a jury should say was the amount of the loss, but for what the persons designated in that particular form of agreement should so say."

The defendant's obligation under the contract set forth in the complaint was to pay the agreed or appraised amount of loss within 60 days after it had been ascertained in the manner specified in the policy. It does not appear that the loss has been ascertained or that the defendant has failed or refused to comply with the contract in any respect, or denies liability for the loss. Although the determination of the amount of loss in the specified manner is in one sense a condition precedent to the right to sue on the policy, yet it is clearly not such a condition precedent as section 5286 has reference to. Whatever may be the effect of section 5286 it does not abrogate that elementary rule of pleading which requires the plaintiff to show prima facie that the defendant not only owes an obligation, but also that he had defaulted in its performance. Johnson v. Howard, 20 Minn. 370 (Gil. 322); New Telephone Co. v. Foley, 28 Ind. App. 418, 63 N. E. 56; Doyle v. Insurance Co., 44 Cal. 264; Mosness v. Insurance Co., 50 Minn. 341, 52 N. W. 932; Carroll v. Insurance Co., 72 Cal. 297, 13 Pac. 863; Carberry v. Insurance Co., 51 Wis. 605, 8 N. W. 406. As stated in Carroll v. Insurance Co., which was an action on a policy like the one before us: "The award is a necessary element of the plaintiff's cause of action. In contemplation of law the promise is not to pay such damage as the insured should suffer, but to pay such sum as the arbitrators should fix as the amount of damage sustained. It follows that the action should have been for the amount of the award, and that the award should have been set forth in the complaint. See Morse, Arb. 95. The allegation that 'all the conditions of said policy of insurance were duly performed and kept by this plaintiff' is not equivalent to setting forth the award, because, as has been stated, the award is a necessary element of the cause of action, and it is not the action of plaintiff but of third persons. If a fair award was prevented by the fraudulent conduct of defendant; the complaint should have set forth the acts

constituting the fraud. But the complaint, although it set out the policy, thereby disclosing the provisions as to the award, made no mention of any award having been made, or of any reason why not. Hence it did not state a cause of action, and the demurrer should have been sustained." The case of Kahnweiler v. Insurance Co., 67 Fed. 483, 14 C. C. A. 485, cited by respondent, is clearly distinguishable from the case at bar. The arbitration clause involved in that case differed radically from the stipulations for appraisement in the case at bar. The same is true of the other cases cited by respondent.

The order appealed from is reversed, and the district court will be directed to enter an order sustaining the demurrer. All concur.