(107 N. W. 1081.)

———

J. J. Hatch & E. A. Heinsius, Co-partners as Hatch & Heinsius, v. Minneapolis, St. Paul & Sault Ste: Marie Railway Company.

Opinion filed May 22, 1906.

**Carriers — Injury to Stock — Notice of Claims — Place of Destination.**

　　1. The words "place of destination," as used in a stipulation in a shipping contract, requiring the giving of notice of injuries to stock before its removal from the place of destination, refer to the town, village or city to which the shipment is made.

**Same — Notice of Injuries — Failure to Give Is Matter of Defense.**

2. A stipulation requiring the giving of such notice of injuries is not strictly a condition precedent to the bringing of an action for damages for injuries, but is a limitation upon the right of recovery. A compliance with such stipulation need not be affirmatively shown by the complaint, but noncompliance is a matter of defense to be raised by answer.

**Same — Requirement of Notice a Reasonable Stipulation.**

3. A stipulation in a contract for the shipment of stock, requiring the shipper to give notice to the carrier, of injuries to the stock before it is removed from the place of destination, and before it is mingled with other stock is a reasonable stipulation, and binding upon the shipper when duly entered into.

**Same — Consideration.**

4. Such a stipulation is binding upon the shipper although not based on any consideration except that for the contract generally.

Appeal from District Court, Wells county; *Burke, J.*

Action by J. J. Hatch and another against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From a judgment for plaintiff defendant appeals.

Affirmed.

*George K. Shaw, Jr.,* and *Alfred H. Bright,* for appellant.

A provision in a contract with a carrier of goods, that the receiver of such goods shall give notice in writing before their removal from the place of destination, or they are mixed with other goods, as a condition precedent to the right of recovery for damages for their loss or injury, is not unreasonble. Express Co. v. Caldwell, 21 Wall. 264, 268, 22 L. Ed. 556, 88 U. S. 264; Queen of the Pacific, 180 U. S. 49; Phoenix Ins. Co. v. Erie & W. Trans. Co., 117 U. S. 312, 322, 29 L. Ed. 873; York Mfg. Co. v. Ill. Central R. R. Co., 3 Wall. 107, 114, 8 L. Ed. 170; Hart v. Penn. R. R. Co., 112 U. S. 331, 28 L. Ed. 717; Mobile & Montgomery Ry. Co. v. Jurey et al., 111 U. S. 584, 28 L. Ed. 527; Rice v. Kansas Pac. R. Co., 63 Mo. 314, 20 Am. Ry. Rep. 424; Id. 76 Mo. 514, 88 Mo. 239; Sprague v. Mo. Pac. Ry. Co., 23 Am. & Eng. R. Cases, 684, 8 Pac. 465; Goggin v. Kan. Pac. R. Co., 12 Kan. 416; Wichita & W. R. Co. v. Koch, 28 Pac. 1013.

*Hanchett & Wartner,* for respondents.

A common carrier may limit his common law liability by special
contract, provided such limitation was not against public policy,
was just and reasonable, and was honestly made and rested upon
a proper consideration.  O'Malley v. Great Northern Ry. Co., 90
N. W. 974; Express Co. v. Caldwell, supra; Sprague v. Missouri
Pac. Ry. Co., supra.

MORGAN, C. J.  The plaintiffs entered into a written contract
with the defendant under which a carload of horses was to be
carried from the Minnesota Transfer to Harvey, N. D.  The
plaintiffs claim that the horses were injured through the defend-
ant's negligence, and that they were damaged thereby in the sum
of $504.  The written contract is attached to the complaint and
made a part thereof.  The defendant demurred to the complaint
upon the ground that it appears upon the fact thereof that it
does not state a cause of action.  The demurrer was overruled.
Defendant appeals from the order overruling it.

The contract of shipment contained the following condition or
stipulation:  "The said shipper further agrees that as a condi-
tion precedent to his right to recover any damages for loss of or
injury to any of said stock, he will give notice in writing of his
claim therefor to some officer of said railroad company or its
nearest station agent before said stock has been removed from
said place of destination, and before said stock has been mingled
with other stock."  It is claimed that the complaint states no
cause of action because it fails to state that the notice provided for
in said contract was given.  The plaintiff contends that the con-
dition above set forth is an unreasonable condition, and therefore
void.  This contention is based upon other portions of the con-
tract, wherein it is stated that the horses are to be "transported
from Minnesota Transfer station to Harvey, N. D. station."  This
statement in no way affects the agreement concerning giving of
notice.  The contract as to shipment was complied with when the
horses were delivered at the station.  That was the place where
the horses were to be unloaded.  But the stipulation or agreement
as to notice refers to the place of destination.  The word "place"
in that connection refers to the village of Harvey, and not to the
station at Harvey.  This is the construction given to the same
language used in the contract involved in Welch v. N. P. Ry. Co.,
14 N. D. 19, 103 N. W. 396.

These conditions or stipulations in shipping contracts are for the benefit of the carrier. Their object is to prevent false claims as to injuries received by stock during shipment. If the stock is mingled with other stock before notice of injuries is communicated to the carrier, he is placed at a serious disadvantage in determining the facts as to the injuries claimed. The time during which notice must be given is not limited. Unlimited opportunity is given to ascertain if the stock is injured. The stipulation does not limit the carrier's liability. It simply requires notice to be given that injuries have occurred, before the stock is moved away or mingled with other stock. The shipper is deprived of no right. We are unable to say that the stipulation is an unreasonable one as a matter of law. The following authorities held that similar conditions or stipulations are not unreasonable as a matter of law: Rice v. K. P. Ry., 63 Mo. 314; Express Co. v. Caldwell, 21 Wall, (U. S.) 264, 22 L. Ed. 556; Goggin v. K. P. Ry. Co., 12 Kan. 416; Sprague v. Mo. Pac. Ry. Co., 34 Kan. 347, 8 Pac. 465; Hutchinson on Carriers, section 259, and cases cited; Southern Railway Co. v. Adams, 115 Ga. 705, 42 S. E. 35; Glenn v. Express Co., 86 Tenn. 594, 8 S. W. 152; Louisville & N. Ry. Co. v. Landers, 135 Ala. 504, 33 South. 482; Wichita & W. Ry. Co. v. Koch, 47 Kan. 753, 28 Pac. 1013. The plaintiff further contends that the stipulation is invalid and unenforceable because the complaint shows that it was entered into without consideration. The contention is that some special consideration must have passed between the parties relating to this express stipulation before it becomes binding. This is not true. Conditions like the one in suit become binding and effectual by virtue of the general consideration, for the contract generally, if assented to. It is not a contract limiting defendant's liability. Am. & Eng. Enc. Law (2d Ed.) p. 300; Crow v. Chi., etc., Ry. Co., 57 Mo. App. 135. It therefore follows that the plaintiff's contentions in favor of the complaint are not tenable. The defendant contends that the complaint must state that the notice of injuries was given before the stock was removed from the place of destination, and before it was mingled with other stock. It is further contended in favor of the demurrer that the general allegation of the complaint that all conditions precedent to the right to maintain an action which were imposed by the contract had been fully performed by the plaintiff is not equivalent to an allegation that the notice was given as provided by the contract and

that said allegation is simply a statement of a conclusion and not one of fact. Section 5286, Rev. Codes 1899, is relied upon by the plaintiffs in support of the sufficiency of the complaint. That section was construed in Leu v. Ins. Co., 15 N. D. 360, 107 N. W. 59, and it was there held that said section does not authorize a general statement of compliance with condition imposed by contracts in cases in which such conditions are part of the cause of action as distinguished from conditions precedent. It is not necessary to determine whether that section is applicable to this case or not, as the demurrer was properly overruled upon another ground.

The condition or stipulation referred to is not strictly a condition precedent, and it is not part of the cause of action. The cause of action is complete before this condition becomes operative. The cause of action is not created by the contract of the parties. The law controls what facts shall constitute the cause of action. If the law should provide for the notice in the same statute, defining what the cause of action should be, a different question would be presented. But the condition in this case is made by the contract of the parties and the cause of action is defined by the common law. Hence the condition cannot operate as a part of the cause of action. It was therefore an unnecessary allegation of the complaint. A cause of action was completely stated without it. The condition was a limitation upon the right of the plaintiff to maintain the action and pertained to the remedy. It was therefore a matter of defense to be raised by answer, if at all. This court has recently so held in a case involving a similar condition, Kinney v. Brotherhood, etc., 15 N. D. 21, 106 N. W. 44. See, also, Kahnweiler v. Ins. Co., 67 Fed. 483; 14 C. C. A. 485; Maloy v. Chi. & N. W. Ry. Co., 109 Wis. 29, 85 N. W. 130; Gatzow v. Buening, 106 Wis. 1, 81 N. W. 1003, 49 L. R. A. 475, 80 Am. St. Rep. 1; Meisenheimer v. Kellogg, 106 Wis. 30, 81 N. W. 1033; Westcott v. Fargo, 61 N. Y. 542, 19 Am. Rep. 300.

The order overruling demurred is affirmed. All concur.