BROWN, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1909.

1. PRACTICE: Common Carriers: Action Ex Delicto. An action against a railroad company for damage to hogs shipped by plaintiff, which damage was alleged to have been caused by the negligent delay in their shipment by the defendant, was an action in tort and not an action on a contract.

2. ———: ———: ———: Burden of Proof. In such action it was not necessary for the plaintiff to introduce his bill of lading and the defendant could not take advantage of a failure on the part of the plaintiff to give notice of the damage, required by the bill of lading, as a prerequisite to recovery, without having pleaded such want of notice or otherwise interposed it as a defense at the trial.

3. ———: ———: Action Ex Contractu: Burden of Proof. But in such case if the shipper had sued on a special con- tract of shipment and not on the carrier's common law duty, the burden would have been on him to prove compliance with all the obligations of the contract so that he would have been obliged to prove notice if notice had been required by the contract.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort,* Judge.

AFFIRMED.

*W. F. Evans* and *Jas. Orchard* for appellant.

*N. A. Mozley* for respondent.

GOODE, J.—The facts of this case are like those of Clubb v. Railroad, — Mo. App. —, — S. W. —, as regards the contention that plaintiff cannot maintain the action because the bill of lading was issued to his agent and in the latter's name. Complaint was filed before a justice of the peace asking damages due to defendant's negligent delay in carrying hogs from the station of Advance, in Stoddard county, Missouri, to the National Stock Yards in East St. Louis, Illinois. It is averred the hogs were carelessly detained for ten hours at a way-station, causing them to be late in ar- riving at destination, whereby they were damaged in weight and condition and rendered less salable, in con- sequence of which plaintiff was forced to sell at a lower price than they would have brought if carried through in the usual time. The evidence for plaintiff proved the delay and consequent damage, and in defense the company relied on non-compliance with a clause in the bill of lading providing as a condition precedent to any claim for damages due to delay, the shipper should give notice in writing of the claim to some general of- ficer, or station agent of the company, or the agent

135 App—40

at destination, before the stock was mingled with other stock and within one day after arrival, so the claim might be fully investigated; further, that failure fully to comply with this provision should be a. bar to the recovery of any claim for damages. The record shows nothing whatever about whether or not notice of claim for damages was given in due time. Defendant's counsel put the bill of lading in evidence, but asked on question of plaintiff or his witnesses upon the subject of notice, or drew attention to the stipulation about it in the bill of lading by an instruction or in any other way. Nothing appears in the record which would have intimated to the court or the plaintiff that any defense was intended save plaintiff's inability to maintain the action when the bill of lading had been issued to another. But defendant asked the jury be instructed to return a verdict for defendant, the refusal of this request is assigned for error and the assignment supported by pointing to plaintiff's omission to prove he gave notice. If the question of defendant's liability in default of notice may be raised in this way, the point for decision is whether it was incumbent on plaintiff to prove he gave notice in order to make out a prima-facie case, and this point must be considered with reference to whether the action is in tort for failure of defendant to comply with its common law duty to carry the property to destination safely and in a reasonable time, or in assumpsit on the contract of affreightment, and under pertinent Missouri decisions we must hold it was in tort. [Clark v. Railroad, 64 Mo. 440; Lupe v. Railroad, 3 Mo. App. 77; Heil v. Railroad, 16 Mo. App. 363.] It looks like plaintiff had made out his case when he proved unreasonable and negligent delay occurred in the carriage of the animals, and threw a loss upon him. A standard treatise says the courts are in conflict on the general proposition of where the burden of proof rests regarding whether such notice was given, but that the weight

of authority lays the burden on the carrier. [1 Hutchinson (M. & D. Ed.), sec. 447; and see citations in notes.] The question might be doubtful in an action on the contract of affreightment, and perhaps then the shipper in order to recover would be bound to prove he did whatever the contract made a condition precedent. In an action *ex delicto* like we have here, the plaintiff need not introduce the bill of lading, but may and must prove the carrier violated the law. This being so, we cannot see why he is bound to prove he gave notice, and it seems to be clear he need not; at least unless the stipulation is pleaded or otherwise interposed and in such a manner as to indicate non-observance of it is relied on as a defense. [The Westminster, 116 Fed. 123; Nordlinger v. United States, 127 Fed. 680, 683; Hatch v. Railroad, 107 N. W. 1087.] Another passage in Hutchinson favors the doctrine that the burden of proof rests according to the form of action (sec. 1332) and we find that distinction was adopted by this court in McNichols v. Express Co., 12 Mo. App. 401; wherein it was said, in considering where the burden lay to prove performance of a stipulation in a bill of lading for notice, that if an action of tort is brought against the carrier for a breach of its common law duty in failing to deliver goods placed in its hands for shipment, and the carrier pleads and puts in evidence a special contract containing conditions to be performed by the plaintiff, the burden is on the carrier to show non-performance of these conditions as part of its special defense; but where the plaintiff sues the carrier on a special contract and not on the common law duty, then, as in other cases of actions on express contracts, the burden is on the plaintiff to prove compliance with all the obligations the contract imposed on him.

The judgment is affirmed. All concur.